## ROGERS vs. TRUETT, administrator.

1. Where interrogatories stated the place of execution as "Georgia, Harris county," this was a sufficient statement, and objection on that ground was properly overruled.

(a.) A party, to avail himself of any exception to the execution or return of a commission, must make the same in writing and give notice to the opposite party, or he must show that the commission has not been returned and was not in the clerk's office twenty-four hours before the trial. If neither of these facts appears, the overruling of such exception will not cause a reversal.

2. Where a defendant in *fi. fa.* was a witness for the claimant of the property levied on, and while on the stand, denied making certain statements in regard to the transaction being investigated, it was admissible to prove such statements for the purpose of impeaching and contradicting him.

3. After a judgment has been rendered and execution has issued thereon, if the plaintiff in execution die, his administrator or executor, or perhaps his heirs at law, may have the execution levied; or any other person who owns such execution, or to whom it may have been transferred, may cause it to be levied. If the property levied on be claimed, then some one who controls the execution, as executor, administrator or transferee, must be made a party to the claim case for the purpose of securing the costs. If the sheriff should receive and collect the money due on an execution after the death of the plaintiff, the payment to him would be good, and would extinguish and satisfy the judgment, and the sheriff would hold for the use and benefit of such representative of the deceased as may have been or may be appointed to manage the estate.

(a.) Therefore, an issue tendered in a claim case, that the plaintiff in execution had died before the levy, was properly stricken on demurrer.

4. The charge is plain, full and correct, and the verdict is sustained by the evidence.

*October 21, 1884.*

Interrogatories. Evidence. Practice in Superior Court. Executions. Parties. Levy and Sale. Before Judge WILLIS. Harris Superior Court. October Term, 1883.

Reported in the decision.

W. A. LITTLE; A. A. DOZIER, for plaintiff in error.

Rogers *vs.* Truett, administrator.

J. M. MOBLEY; HARRISON & PEEPLES, for defendant.

BLANDFORD, Justice.

This was a claim case, and the jury having found the property levied on subject. The claimant moved for a new trial, which was refused by the court, and this is excepted to, and error thereon is assigned to this court.

1. The first ground relied on in the motion is, that the court erred in overruling the objection of claimant's counsel to the introduction in evidence of the depositions of Michael Calhoun, (1) because there is no place stated when the depositions were executed; (2) because the commission is in blank, and the commissioners' names are not inserted therein.

As to the first ground of objection to the introduction of this testimony, the same is not well founded, because the record shows that the commission was executed in "Georgia, Harris county." The record does not show when these depositions were returned into court, or that objections were filed in writing to the execution of the same, or how long the same had been in court. It is provided by section 3892 of the Code, "that all exceptions to the execution and return of commissions must be made in writing, and notice thereof given to the opposite party before the case is submitted to the jury, provided the same had been in the clerk's office for twenty-four hours before the trial." A party, to avail himself of any exception to the execution or return of commissions, must make the same in writing, or he must show that the commissions have not been returned and in the clerk's office twenty-four hours before the trial. If there was anything in this ground of the motion, the claimant has not shown that she has complied with the rule prescribed by the Code.

2. The next ground of the motion is, that the court erred in allowing Bufford to testify as to the sayings of Greene

B. Rogers, defendant in execution.   The record shows that said Greene B. Rogers had testified for claimant, and while on the stand plaintiff's counsel asked him if he had not made certain statements to Bufford about the transaction then being investigated, which he denied, and Bufford was allowed to testify as to these sayings of Rogers to contradict and impeach him.   This was proper, the matter being germane and relevant to the issue then on trial.

3. The third ground in the motion is, that claimant having tendered an issue, "that the plaintiff in execution, William A. Gaston, had died before the levy," the court erred in striking the same upon demurrer, and motion of counsel for plaintiff in excution.

The record shows that A. F. Truett, as administrator of W. A. Gaston, deceased, had been made a party to this case before the trial.

After judgment and execution issued thereon, if the plaintiff in execution die, the administrator of such decedent, his executor, or it may be his heirs at law, may have the execution levied, or any other person who owns the execution, or to whom it may have been transferred, may likewise cause it to be levied.  If the property levied on be claimed, then some one who controls the execution, as executor, administrator or transferee, must be made a party to the claim case.  This is for the purpose of securing the costs.  If the sheriff should receive and collect the money due on an execution after the plaintiff's death, then he would hold the same for the use and benefit of such representative of the deceased person as may have been, or may be, appointed to manage his estate.  The payment by the defendant to the sheriff would be good, and would extinguish the judgment and satisfy the execution.  So we think that there is nothing in this ground of the motion.

4. Objection is taken to the charge of the court, which is set out in full in the bill of exceptions.  We think the charge is a plain, full and correct exposition and statement of the law as applicable to the facts of this case; and that

the same does not warrant the error assigned.   The verdict of the jury is correct, and sustained by the evidence.

Judgment affirmed.