## LEWIS v. THE STATE.

Continuances are discretionary in the trial court, and under the circumstances detailed in the record, there was no abuse of discretion in denying a continuance in this case.     *Judgment affirmed.*
August 1, 1892.

Criminal law.   Continuance.   Before Judge FISH. Macon superior court.   November term, 1891.

S. T. Lewis was convicted of gaming in Macon county. His exception is to the overruling of his motion for a continuance on account of the absence of witnesses G. S. Oliver and J. D. Barfield.   The indictment was found at the November term, and it charged the offence to have been committed on the 4th of October, 1891.   On Wednesday, November 11th, the sheriff notified the defendant that the indictment had been preferred, and that he had a warrant for defendant's arrest; and told him to come over and give bond for his appearance.   On the next day he went over and gave bond, and on the following day (Friday) he employed Col. DuPree to defend him.   About half-past two o'clock on the afternoon of that day, the case was called for trial and Col. DuPree announced that he represented the defendant, but was not ready for trial on account of the absence of two witnesses; and in reply to a question by the court, he stated that the names of these two were Phillips and Horne, and that he had not had time to have them subpœnaed, as he had just been employed. The court announced that the case would be set for trial on the following Wednesday, November 18th, and directed that subpœnas be taken out at once for all the witnesses both for the defendant and the State, stating that the court would furnish every facility and use all of its powers to have all the witnesses, and expected both sides to be ready on the next Wednesday.   When this announcement was made, Oliver and Barfield, who

had been indicted for gaming in the same game with the defendant, and were represented by Col. DuPree, were present in the court-room, and so was the defendant; and the cases of Oliver and Barfield also were postponed to the next Wednesday. They and the defendant lived in Montezuma, Macon county. Just before the night of the following day (Saturday), Col. DuPree handed the clerk a long list of witnesses to be summoned, including Oliver and Barfield; and the clerk wrote out the subpœnas for them and handed the same to the sheriff on the next Monday morning. The sheriff delivered the subpœnas for Oliver and Barfield to Hinton, a bailiff, who was not in court when the motion to continue was made, but who had stated to the court that he had searched for the witnesses in Montezuma and that they could not be found. When the case was called on Wednesday, the defendant testified that Oliver and Barfield were residents of Macon county; that they were absent without his procurement or consent; that he expected to have them present at the next term; that this motion was not made for delay only, but to procure the testimony of these witnesses; that he could prove by both of them that they were present and played in the game with Hill, who was the only witness against him; that they would both testify that defendant did not play in said game nor bet on the same at any time with Hill; that on Monday the 16th he saw Barfield who told him he would be at court on Wednesday, the day the case was set for trial; that Hinton, the bailiff, told him that he had served Barfield with a subpœna to appear as a witness in his said case; that he had made every effort in his power to have these witnesses present; that he could not safely go to trial without them; and that they were under bond to appear at the court for the offence of gaming. One Lockwood testified that he was Barfield's nephew; that Barfield

was then at his home in Macon county, about 9 miles from the court, sick in bed and unable to attend court; and that he found him in bed the night before, and gave him medicine.  Dr. Engram testified that he visited and prescribed for Barfield on Friday the 13th; that Barfield seemed to have been drinking and was bilious; that he could not have advised Barfield to have come to court that day with safety; and that Oliver left Montezuma on Saturday the 14th.  Col. DuPree testified that the testimony of these two absent witnesses was very important for the defence; that he was employed by eight or ten other parties at or about the same time to defend them on a similar charge; and that he procured the subpœnas for Barfield and Oliver as soon as he could after conference with his client.  Mr. Haygood, the other counsel for the defendant, stated in his place that he had been employed only a few minutes before the case was called for trial.  Hill testified that it was true, as stated by the defendant, that Barfield and Oliver were in the same game that he played in for money; that he played only one time within two years with Barfield and Oliver, and at the same time defendant says he did not play with them, which was between September 1st and December 31st, 1890.  Johnson, one of the court bailiffs, testified that he saw Barfield Monday afternoon, and that Barfield told him he had not been subpœnaed in the.case, and if Johnson got any subpœna for him, not to serve it on him.

The court, in overruling the motion, announced that the defendant had not used proper diligence to have Oliver and Barfield subpœnaed, and·that the evidence showed they had not been subpœnaed; and for this reason overruled the motion.

J. M. DuPree and J. W. Haygood, for plaintiff in error.

C. B. Hudson, solicitor-general, contra.