## SALAS *v.* DAVIS.

Under the undisputed evidence in this case, the defendant was a tenant by sufferance, and not at will ; and the verdict in his favor in the proceeding to dispossess him as a tenant holding over was unwarranted.

Argued April 11, — Decided May 13, 1904.

Eviction of tenant. Before Judge Barrow. Chatham superior court. July 18, 1903.

*Lawton & Cunningham*, for plaintiff.
*Travis & Edwards* and *Adams & Adams*, for defendant.

CANDLER, J. This was an action to dispossess a tenant holding over. Pending the suit the tenant vacated the premises, making a continuing tender to the landlord of the rent which had accrued, at the rate fixed in the expired lease contract. This was refused, and the action continued to recover double rent under the provisions of the Civil Code, § 4817. The jury found for the

defendant, and the plaintiff's motion for a new trial being over-ruled, she excepted.    There was no material conflict in the evidence, and it seems to be admitted that the only question for decision by this court is whether, under the evidence, the defendant was a tenant at will or a tenant by sufferance.    If the former, the verdict in his favor was demanded; if the latter, the plaintiff should have had a verdict for double rent.    It appears that Davis rented the property in dispute from Mrs. Salas, under a lease which expired January 15, 1902.    In October, 1901, Salas, the husband and agent of the plaintiff, had a conversation with Davis, in which he asked the question: "Are you going to continue in the same place?"    Davis replied that he was.    On December 2, 1901, Salas wrote Davis a letter, notifying him of the approaching expiration of the lease, and saying: "Kindly advise if you desire to vacate, or to remain longer.    In the latter case a new lease will have to be entered into."    Apparently Davis did not reply to this letter; for he testified that on January 10, 1902, Salas called him over the telephone and asked him if it had been received.    He replied in the affirmative; whereupon Salas asked him if he intended to call on him, and he answered: "Yes; next week."    On January 13, 1902, Salas again called Davis over the telephone, and, according to a memorandum made by Davis at the time, asked the latter if he intended to continue on at the same place.    Davis replied: "Yes; I will bring up duplicate lease."    Salas answered: "Come up and see me."    On January 17, 1902, Salas and Davis met, and the former refused to renew the lease at the rate of rental fixed in the one which had just expired.    On January 25, 1902, ten days after the expiration of the old lease, Davis's attorney wrote a letter to Salas, in which he said: "I enclose herewith lease made in duplicate under the same terms as the former, which Mr. Davis has signed.    Will you kindly sign both copies of lease, keeping one for yourself and returning the other to me."    On January 27, 1902, Salas replied to this letter, returning the duplicate copies of the lease, and saying: "As soon as Mr. Davis and myself have agreed upon terms and conditions, I will be pleased to advise you.    Unless this can be done without delay, I ask that Mr. Davis vacate, as I desire to negotiate with others if he does not wish the place."    On February 18, 1902, Salas made a written demand upon Davis for

possession of the property, which was refused; and on February 25, 1902, the present suit was commenced.

We are clear that the facts which have been recited make out a case of tenancy by sufferance, and not at will. There is not a line of evidence to indicate that the tenancy of Davis after the expiration of the lease was by the permission of the landlord. On the contrary, more than a month before the lease expired, Salas wrote to Davis, reminding him of the fact that his tenancy under the lease would soon end, and notifying him that in the event he desired to retain the premises it would be necessary to execute a new lease. In the different conversations between the parties over the telephone Salas gave no intimation of a willingness to continue the tenancy under the terms of the then existing lease, but on each occasion invited Davis to confer with him as to the terms on which a new lease should be executed. The decision of this court in the case of *Willis* v. *Harrell*, 118 *Ga.* 906, is, in our opinion, controlling of the question now under consideration, and the facts of that case are closely analogous to those of the case at bar. We deem it unnecessary to enter into a more extended discussion at this time as to what is necessary to constitute a tenancy at will and one by sufferance. It is sufficient to refer to the admirable opinion of Mr. Justice Cobb in the case cited, for a full and exhaustive exposition of the law bearing on this subject. The necessary conclusion from the foregoing is that the verdict for the defendant was unwarranted and should have been set aside on motion for new trial.

*Judgment reversed. All the Justices concur.*