## JONES v. THE STATE.

1. The showing which the accused made in support of his motion for a continuance because of the absence of a witness was not in accord with the statutory requirements, nor such as to warrant this court in holding that the trial judge abused his discretion in overruling the motion.

2. It is incumbent upon a party assigning error upon the admission of evidence to make it appear what objection, if any, was urged against the reception of the evidence at the time it was offered.

3. The evidence introduced in behalf of the State established the charge of murder preferred against the accused.

Argued April 16,—Decided May 14, 1906.

Indictment for murder.   Before Judge Fite.   Murray superior court.   March 2, 1906.

*C. N. King,* for plaintiff in error.   *John C. Hart, attorney-general,* and *Sam. P. Maddox, solicitor-general,* contra.

EVANS, J.   The defendant was indicted for the murder of Will Starks, and the jury returned a verdict of guilty, without recommendation.   He made a motion for a new trial, which was overruled, and error is assigned in the bill of exceptions upon the overruling of his motion for a new trial.

1. When the case was called for trial, the accused moved for a continuance because of the absence of Jess Ballard.   The showing made by the defendant was as follows:   "I have a material witness absent.   It is Jess Ballard.   I had a subpœna given to the sheriff.   The witness resided in this county at the time of the difficulty, since Christmas.   He is not absent by my consent or procurement and I expect to get his testimony at the next term of this court.   The showing is not made for delay, but to get his testimony.   The witness will swear that Will Starks came out from behind the stove and hit me, and [witness] then said, 'Look out, I will part them'; there aint nobody going to hurt Will Jones or this other fellow either!' and took Starks off of me.   My wife also help take him off of me, and Ballard will swear it.   I have'nt seen any of them since the trial."   "There were others there, among them Frank Johnson, Will Adkins, and a fellow by the name of Zeke.   Frank Johnson was there, too; several, and they were shooting bone dice. I selected this man in preference of the others, because he pulled Will Starks off of me."

A showing for a continuance should be full, satisfactory, and direct as to the material allegations relied on by the movant.   *Allen*

v. *State,* 10 *Ga.* 85.    Measured by this rule, the showing made fell
short in several particulars.    No diligence was shown.    It appears
that the accused applied for a subpœna and caused the same to be
placed in the hands of the sheriff for service.    At what time the
subpœna was delivered to the sheriff is not made to appear, nor
whether the subpœna had in point of fact been served.    If service
was not made, was it the fault of the sheriff, or was it due to the
laches of the defendant in placing the same in the hands of the
officer at the eleventh hour? or was the witness accessible or in-
accessible at that time?    Criminal trials should be speedy; and be-
fore a defendant should be permitted to postpone his trial to a
subsequent term of the court because of the absence of a witness,
he should affirmatively show that he has been diligent in applying
for the process of the court to enforce the attendance of the witness
upon the trial.    The showing was defective in this particular.
*Cogswell* v. *State,* 49 *Ga.* 105.    Another essential element of a
motion for a continuance for the absence of a witness is the mate-
riality of the testimony expected to be elicited from the witness.
How and to what extent the facts which the movant expected to
prove by the absent witness would be material to his defense he did
not undertake to disclose.    The defendant should have shown in
what way the testimony was material to his defense, in order that
the court might pass upon its importance.    *Griffin* v. *State,* 26
*Ga.* 493.

The accused admitted that there were other witnesses present at
the time and place mentioned.    It appears that at least two of the
witnesses named by him were in attendance upon the court.    The
showing for a continuance does not suggest that these witnesses were
not in a position to testify to everything that occurred, or would
swear differently from what the accused was informed the absent
witness would testify if brought before the court.    The accused
merely expressed a preference for the absent witness, because he had
pulled the deceased off the accused.    Where there are present at the
trial other witnesses by whom a defendant can prove the same facts
as those to which an absent witness would swear, the court, in the
exercise of a sound discretion, may refuse a continuance based on
the ground of the absence of such witness who has not been served
with a subpœna.    *Allen* v. *State,* 10 *Ga.* 85; *Salmons* v. *State,* 118
*Ga.* 763; *Long* v. *State,* 38 *Ga.* 506.    The burden was on the ac-

cused to show that he had exercised proper diligence to secure the attendance of the absent witness and could not safely go to trial without his presence, because he would testify to material facts which could not be shown by the witnesses who were present. Before a defendant can, as matter of strict legal right, demand a continuance on the ground of the absence of a witness, it is incumbent on the movant to show, not only that the witness is not absent by his permission, but that the witness has actually been subpœnaed, resides in the county where the case is pending, has knowledge of facts material to the defense, and that the movant expects to be able to procure the testimony of the witness at the next term of the court. Penal Code, §962. All applications for continuances are addressed to the sound legal discretion of the court. Penal Code, §966. When the showing comes up to the statutory requirements, and is not fully met by a counter-showing, as a general rule the case should be continued. One not in a position to make the showing prescribed by the statute may nevertheless present his motion for a continuance, addressed to the sound discretion of the judge, and it will be granted or refused as the ends of justice may require. That the accused is charged with the grave offense of murder does not deprive the judge of discretionary power (*Malone* v. *State,* 49 *Ga.* 210), though the gravity of the charge is a circumstance to which he may, and doubtless should, attach more or less weight. In the present case, the showing failed to meet the statutory requirements; and for the reasons pointed out, we can not say that there was any abuse of discretion in overruling the motion. The court certainly dealt as fairly and as openly with the accused as he did with the court.

2. Complaint is made in the motion for a new trial that certain testimony therein set forth was admitted "over the protest of defendant's counsel." What objection was urged to the admission of this testimony is not made to appear, and under the repeated rulings of this court the assignment of error presents no question for determination. *Williams* v. *State,* 123 *Ga.* 142; *Powell* v. *Ry. Co.,* 121 *Ga.* 805, and cit.

3. The evidence disclosed a most brutal and unprovoked murder. Three eye-witnesses to the homicide were produced by the State, and there was no substantial variance in their testimony concerning the circumstances under which the deceased met his death at the

hands of the accused. They made out the following case: The homicide occurred in the shanty of Jess Alexander. The deceased was sitting at the head of a bed, and the wife of the accused was sitting at the foot of the bed. The accused came into the shanty and called upon his wife to come on home; she replied, "Go on and make a fire, and I will come;" the accused said there was a fire already, and then said: "I see you with that fork under your apron. Let me get to her." He had a dirk or knife in his hand, or up his sleeve, and "made like" he was going to her, but passed by where the deceased was sitting, and struck him on the head. The deceased grabbed the accused to keep him from cutting him, and then the accused stabbed the deceased in the side, inflicting a mortal wound. The deceased was unarmed and neither said nor did anything to provoke the attack. The homicide, under these circumstances, was murder.

*Judgment affirmed.    All the Justices concur.*