## 8. EVANS & PENNINGTON *v.* NAIL *et al.*

1. In a suit by the owners against the hirers for the negligent killing of two mules while in their possession and while being used in the business for which they were hired, one of the defenses being that in hiring the mules it was understood that the owners assumed the risk of all injuries

to the mules, and that the hirers were not to be responsible for any injuries to them, and that with this understanding the mules were hired, and there being evidence supporting this contention, the judge should have charged the jury the law applicable to the issue presented by this defense, and his failure to do so was error. If this contention was the truth of the contract of hire, the hirers of the mules would not be liable in damages for any injuries to the mules while in their possession, and when used in the purpose of the bailment, unless such injuries resulted from the gross neglect or willful misconduct of themselves or their agents.

2. A written request embodying the principle of law resulting from the foregoing statement of facts, and applicable to the issue of liability thus made, should have been submitted by the judge in his charge to the jury, and his refusal to do so was error.

3. The contract of hire being one of mutual benefit, the hirer, in the absence of any agreement to the contrary, is bound only to exercise ordinary diligence in taking care of the property; and in such case it was error to charge the jury the code sections defining "extraordinary diligence" and "gross neglect." Such instruction was calculated to mislead or confuse the jury in applying the facts to the proper rule of diligence.

4. Where one of the main issues in the case, as determining the question of liability, was as to the manner in which the tree was cut that fell on the mules and killed them, it was error in the court, over objection, to admit the testimony of a witness describing a stump which was pointed out to him by others as the stump from which the said tree was cut, his knowledge of the identity of the stump being derived solely from information given to him by others.

5. We have examined the other exceptions made in the record, and find no reversible error in any of them.

Action for damages, from city court of Baxley—Judge Thomas. March 1, 1906.

Argued January 8,—Decided January 22, 1907.

*W. W. Bennett,* for plaintiffs in error.  *V. E. Padgett,* contra.

HILL, C. J.  J. W. Nail and J. N. Banks brought suit in the city court of Baxley against Evans and Pennington for $400, the alleged value of two mules, the property of the plaintiffs, hired by them to the defendants under a verbal contract; said mules, while in the possession of the defendants having been killed, as alleged, by the negligent conduct of the defendants. On the trial of the case, the jury, under instructions of the court, found a verdict for the plaintiffs in the sum of $200. A motion for new trial was made by the defendants on the general grounds, and on special grounds of exception to the rulings of the judge in the admission of testimony, in his charge to the jury, and in his refusal to

charge.    The motion was overruled, and the judgment overruling the motion is assigned as error, and brought to this court for review.

1, 2.    One of the main issues in the case, under the evidence, was the contention by the defendants that when the mules were hired, the plaintiffs assumed the risk of injuries to them.    If this was the agreement at the time of the hiring, the defendants would not be responsible for any injuries to the mules, so long as they were put to no other use than the purpose of the bailment, unless the defendants, by themselves or their agents, were guilty of gross neglect or wanton carelessness in the care of the mules at the time they were killed.    It was not contended that there was any conversion of the mules by the bailee or hirer, but that, when killed, they were being used in the work for which they were hired.    There was evidence supporting the above contention of the defendants, and we think the court should have charged the jury on this pertinent and controlling issue.    Such instruction should have been given without any written request; but a written request was duly made to the court to present the law applicable to this case as follows : "The court charges you further, that if you find from the evidence in this case that in hiring these mules to the defendants by the plaintiffs, that it was understood that they, the plaintiffs, should assume the risk of all injuries to said mules, and that defendants were not to be responsible for any injuries to them, and that with this understanding they hired the mules to the defendants, the court charges you that they could not recover in this case, unless it be shown that the defendants were guilty of gross neglect or wanton carelessness; and under these circumstances, in the absence of proof that the defendants were guilty of gross neglect or wanton carelessness, it would be your duty to find in favor of the defendants."    This request was legal and adjusted to a distinct matter in issue, and the issue to which it was applicable was not covered by any of the general charge, and it was clearly error not to give this instruction to the jury as requested.    The duty of the judge to give to the jury appropriate instructions on every theory of the case presented by the evidence, whether requested or not, and also to give legal and pertinent instructions duly requested, is so well established as not to admit of question or require citation of authorities.

3.    The judge, in his charge, gave to the jury section 2899 of the Civil Code, defining "extraordinary diligence," and section 2900

of the Civil Code, defining "gross neglect." These two sections were not applicable to the facts and circumstances of the case, or any issues made by the pleadings and evidence, and were calculated to confuse and mislead the jury. The contract of hire being one of mutual benefit, the hirer is bound only for ordinary diligence, and is responsible only for ordinary negligence. Civil Code, §2907; *Mayor and Council of Columbus* v. *Howard, 6 Ga. 213.* The judge should have confined his instructions on the subject of negligence to that degree of care which by law was applicable to the case; and we therefore hold that it was error for him to charge the definitions of "extraordinary diligence" and "gross neglect." Error is assigned on several other portions of the charge, but, with the exceptions noted, we think, when considered as a whole, it fairly and fully submitted the law applicable to the material issues in the case.

4. Over the objections of counsel for defendants, the court permitted J. W. Nail to testify as follows: "I know the place where they were killed [referring to the mules in question]. I went to the place for the purpose of examining the stump. I got some of the men to carry me to the place and show me the stump. I know that this was the same stump, because I had parties along that claimed to know." Witness then described the stump, indicating therefrom how the tree was cut that fell on the mules. Objection was made that this testimony was clearly hearsay and inadmissible. This testimony was in support of one of the contentions of the plaintiffs, that the tree had been carelessly cut down by the agents of the defendants, and allowed to fall in a negligent manner upon the mules, and its admission may have been prejudicial to the rights of the defendants. We hold that the court erred in admitting this testimony, for the reasons stated.

5. Other objections are made to the admission of testimony by the court, but we do not think any of them material, and if error was committed, it was not serious. For the reasons stated. there was error in not granting a new trial.

*Judgment reversed.*