## 2285. ASHLEY v. CENTRAL OF GEORGIA RAILWAY COMPANY.

HILL, C. J. 1. Relatively to property for carriage, railroad companies owe no duty of diligence under the law, except where the property has been delivered at stations or places designated by the company for its delivery. Where property is placed on the railroad right of way by request of the owner and solely for his convenience, and permission is given by the railroad company to place it there, by virtue of a contract in which the owner, in consideration of such permission, relieves the railroad company from any and all liability "for the loss, damage, or destruction of said property while on its right of way, whether such loss, damage or destruction be attributable to the negligence of any agent or employee of the company, or from any cause whatever," the contract is valid, and if the property is destroyed by fire while on the right of way, the company can not be held liable, except for gross negligence or wilful misconduct. *Holly* v. *Southern Ry. Co.,* 119 *Ga.* 767 (47 S. E. 188); 3 Elliott on Railroads (2d ed.), § 1236; *Evans* v. *Nail,* 1 *Ga. App.* 42 (57 S. E. 1020). RUSSELL, J., dissents.

2. Irrespective of the contract above mentioned, the evidence in this case did not clearly show that the property was burned by the negligence of the railroad company. If there was any inference, fairly deducible from the evidence, sufficient to raise the statutory presumption of negligence, it was fully rebutted by the evidence in behalf of the defendant.

The destruction of the property seems to have been a casualty necessarily incident to its location in close proximity to passing engines.

3. No material error of law was committed, and the verdict is right, under the law and the evidence.                    *Judgment affirmed.*

Action for damages; from city court of Richmond county— Judge Eve.   November 9, 1909.

Submitted February 22,—Decided May 12, 1910.

*Austin Branch,* for plaintiff.   *J. C. C. Black,* for defendant.

RUSSELL, J., concurring specially.   I dissent from so much of the decision as affirms the legal validity of the contract.   In my opinion, any contract which stipulates to relieve a common carrier from the results of the carrier's own negligence is contrary to the declared public policy of this State.   Even if the opinion of a divided court in the case of *Holly* v. *Southern Ry. Co.,* supra, were a binding precedent, the fact that the plaintiff in error in that case was traveling on a free pass (thus being virtually a guest of the company, which was a "gratuitous bailee") distinguishes it as to its facts from this case, in which it is undisputed that the railroad company had been receiving $6 per car for the carriage of other wood hauled from the same point, and reasonably expected to receive the same compensation as freight upon the wood which was destroyed.