## 10204. HARMONY GROVE TELEPHONE CO. v. POTTS.

1. Objection to interrogatories, on the ground that no entry showing their reception in due course of mail by the postmaster is on the envelope containing them, is properly overruled, in the absence of timely written exception and notice as provided for in the Civil Code (1910), § 5904, where it does not appear that the interrogatories were not in the clerk's office twenty-four hours prior to the trial.

2. Extraordinary diligence is not required of the bailee under a contract of hire; and on the trial of an action against such a bailee by the bailor it was error to give in charge to the jury the code definition of such diligence.

3. On the trial of an action for damages against the hirer of a mule which it was alleged was taken sick while in his possession and was worked, mistreated, and neglected by him until it died, it was error to charge the jury that "in cases of loss the presumption of law is against the bailee, and no excuse avails him unless it was occasioned by the act of God;" and that "in order for a bailee to avail himself of this defense,—the act of God,—he must establish not only that the act of God occasioned the loss, but that his own negligence did not contribute thereto." These instructions were taken from code-sections applicable to railroad companies as common carriers and to other like carriers, and were not applicable to the facts of this case. The illness from which the mule died was not in a legal sense an "act of God."

DECIDED SEPTEMBER 18, 1919.

Action for damages; from city court of Jefferson—Judge Mahaffey. September 10, 1918.

The verdict was against the defendant; its motion for a new trial was overruled, and it excepted.

*R. L. J. & S. J. Smith Jr., E. M. & G. F. Mitchell,* for plaintiff in error.

*J. S. Ayers,* contra.

BLOODWORTH, J. 1. During the trial objection was made to the opening of certain interrogatories and to the reading of the same to the jury, on the ground that "there was no entry upon said envelope as required by law, showing that the postmaster at Jefferson, Georgia, had received said interrogatories by due course of mail." The court properly overruled the objection. The record does not show that the interrogatories had been in the clerk's office less than 24 hours prior to the trial, or that the exception to the execution and return was made in writing and notice given to the opposite party before the case was submitted to the jury. Civil Code of 1910, § 5904; *Rogers* v. *Truett,* 73 *Ga.* 386 *(1-a)*; *Roper* v. *Roberts,* 143 *Ga.* 128 (84 S. E. 553).

2. Where suit was brought to recover damages from one to whom a mule was hired, the petition alleging that the mule was taken sick while in the possession of the hirer, and that knowing this fact he "continued to work said mule, mistreated, and neglected it until the mule died," it was error requiring the grant of a new trial for the court to charge the jury on extraordinary diligence (as defined by the Civil Code (1910), § 3472), as follows: "Extraordinary diligence is that extreme care and caution which very prudent and thoughtful persons use in securing and preserving their own property. The absence of such diligence is termed slight neglect." In *Evans* v. *Nail,* 1 *Ga. App.* 45 (57 S. E. 1021), Chief Judge Hill said: "The contract of hire being one of mutual benefit, the hirer is bound only for ordinary diligence, and is responsible only for ordinary negligence. Civil Code [1895], § 2907 [1910, § 3480]; *Mayor &c. of Columbus* v. *Howard,* 6 *Ga.* 213. The judge should have confined his instructions on the subject of negligence to that degree of care which by law was applicable to the case."

3. It was also error to charge: "In cases of loss the presumption of law is against the bailee, and no excuse avails him unless it was occasioned by the act of God. In order for a bailee to avail himself of this defense,—the act of God,—he must establish not

only that the act of God occasioned the loss, but that his own negligence did not contribute thereto." This charge is composed of parts of sections 2712 and 2713 of the Code of 1910, which apply to railroads as common carriers and to other like carriers, and is not applicable to the facts of this case, and was likely to confuse and mislead the jury. The illness from which the mule died was not in a legal sense "the act of God." In *Central Line of Boats* v. *Lowe*, 50 *Ga.* 509, Judge McCay said (p. 511): "There is, doubtless, a distinction between an act of God and an unavoidable accident. The former covers only natural accidents, such as lightning, earthquakes, tempests, and the like, and not accidents arising from the negligence or act of man." See also *Cannon* v. *Hunt*, 113 *Ga.* 509 (38 S. E. 983).

4. The remaining grounds of the motion for a new trial are of such character that it is not necessary to pass upon them. Indeed, most of them are not discussed in the brief of plaintiff in error.

*Judgment reversed. Broyles, P. J., and Stephens, J., concur.*