32532. PATE *v.* KING.

DECIDED JULY 8, 1949.

*Charles Donald Dimmock,* for plaintiff in error.
*Fulcher & Fulcher,* contra.

SUTTON, C. J. This is a dispossessory-warrant proceeding brought by Mrs. Sidney B. King against Edward T. Pate to recover possession of certain premises. The jury returned a verdict for possession and for $116.67, judgment was rendered accordingly, the defendant's motion for a new trial was overruled, and he excepted. The case is here on two special and the general grounds of the motion for a new trial.

■ Special ground 1 of the motion is based on the refusal of the trial judge to permit the defendant to introduce certain official records and the testimony of Robert Maddox, an official in

the office of the U. S. Housing Expediter. The contents of the records and the expected testimony of the witness are not shown in this ground of the motion, either literally or in substance, nor is the proffered evidence attached to the motion as an exhibit, nor does it appear wherein the excluded evidence was material and would have benefited the complaining party. This ground of the motion is incomplete. See *Patterson* v. *Farish,* 34 *Ga. App.* 785 (131 S. E. 186); *Griffin* v. *Henderson,* 117 *Ga.* 382 (2) (43 S. E. 712); *Allen* v. *Kessler,* 120 *Ga.* 319 (47 S. E. 900); *Bowden* v. *Bowden,* 125 *Ga.* 107 (53 S. E. 606); *Shaw* v. *Jones,* 133 *Ga.* 446 (9) (66 S. E. 240); *Danner* v. *Johns,* 147 *Ga.* 667 (95 S. E. 233); *Cobb* v. *Coffey,* 149 *Ga.* 264 (99 S. E. 864); *Bourquin* v. *Bourquin,* 151 *Ga.* 575, 579 (107 S. E. 767); *Clare* v. *Drexler,* 152 *Ga.* 419 (110 S. E. 176). Special ground 2 of the motion is based on the refusal or failure of the judge to charge the jury subsection (c) of section 209 of the United States Housing and Rent Act of 1947. In this ground of the motion it does not appear wherein this particular law was applicable to the present proceeding, or, if applicable, that it was not covered by the general charge, or that a timely request was made to the trial judge so to charge the jury. This ground of the motion is also incomplete. See *New York Life Ins. Co.* v. *Williamson,* 53 *Ga. App.* 28, 43 (7) (184 S. E. 755); *Dixon* v. *Sol Loeb Co.,* 31 *Ga. App.* 165 (12) (120 S. E. 31), and citations. It has been held repeatedly by the Supreme Court and this court that a ground of a motion for a new trial is not in proper form for consideration unless it is complete within itself, and that it is not complete if, to be intelligible, it is necessary to refer to other parts of the record, the brief of the evidence, or other grounds of the motion. See *Trammell* v. *Shirley,* 38 *Ga. App.* 710, 715 (145 S. E. 486), *Davis* v. *McKenzie Motor Co.,* 46 *Ga. App.* 151 (166 S. E. 869), *Sloan* v. *Glaze,* 72 *Ga. App.* 415, 418 (33 S. E. 2d, 846), and citations.

■ On the general grounds of the motion for a new trial the defendant, the plaintiff in error here, contends (a) that the Federal rent-control laws and regulations thereunder are superimposed on the State law, and that there is no evidence that the conditions precedent as required by the Federal laws, among these being the prescribed 60-days notice, were met, and (b)

that the evidence will show that the plaintiff in error was a tenant at will, and that no notice as required by the law of this State was given.

The evidence fails to show that the premises in question were subject to the Federal rent-control laws and regulations at the time the plaintiff notified the defendant that she wanted possession of the premises, or at any other time. The Federal laws in regard to rent control are not laws of general application, but are only applicable to certain areas which have been designated by the Price Administrator as defense-rental areas. See 50 U. S. C. A. App. § 901 et seq., § 942 (d); and 50 U. S. C. A. App. § 1881 et seq., § 1892 (d). If the premises in question were subject to the Federal rent-control laws and regulations thereunder, and the defendant desired to avail himself of the provisions of these laws and regulations, he should have introduced evidence during the course of the trial to show the fact of their application to the premises in question, and this court cannot supply that omission by assuming that the premises in question were subject to the Federal rent-control laws. See *Savage* v. *Weeks*, 73 *Ga. App.* 621, 626 (37 S. E. 2d, 549). Under the circumstances presented in this case this court must determine the issues involved under applicable State law.

It appears from the evidence that the plaintiff rented the premises in question to the defendant on or about June 22, 1948, for $35 per month, payable in advance; that this stipulated rental was paid for each succeeding month on the 22nd day of the month, in June, July, August, September, October, and November, 1948; that on or about December 6, 1948, the plaintiff made an oral demand for the apartment; that the plaintiff refused a tendered postal money order for $30 for rent on December 22, 1948, it appearing that the plaintiff desired possession of the premises and would have refused a tender of a larger amount; that a similar tender was made on January 22, 1949, and again refused; and that the defendant voluntarily moved from the premises on February 12, 1949. The dispossessory warrant was issued on January 14, 1949, and while a dispossessory warrant is issued primarily to recover possession of premises (Code, § 61-301), and at the time of the trial in March, 1949, this was already an accomplished fact, still the plaintiff

could continue with the proceeding after the defendant vacated the premises, in order to determine whether or not she should receive double rent (Code, Ann. Supp. § 61-305) on account of the continued occupancy of the premises after the expiration of the period for which it was rented. See *Salas* v. *Davis,* 120 *Ga.* 95 (47 S. E. 644). Under the evidence, the jury was authorized to find that the premises were rented on a month-to-month basis, with no time specified for the termination of the tenancy, and under the law this is construed as a tenancy for the calendar year. Code, § 61-104. Before the end of the calendar year, the tenant was notified by the landlord that possession of the premises was desired, and thereafter no rent was accepted and nothing was ever done by the landlord to indicate that the agreement would be continued after the expiration of the calendar year, and there was no consent to the continued occupancy of the apartment. So, after the expiration of the calendar year, the occupancy of the tenant was that of a tenant at sufferance. See *Willis* v. *Harrell,* 118 *Ga.* 906, 908 (45 S. E. 794); *Salas* v. *Davis,* supra; *Crawford* v. *Crawford,* 139 *Ga.* 394, 398 (77 S. E. 557); *Stanley* v. *Stembridge,* 140 *Ga.* 750 (79 S. E. 842); *Taylor* v. *West,* 142 *Ga.* 193 (82 S. E. 518). See, also, *Metzer* v. *Connally Realty Co.,* 203 *Ga.* 15 (45 S. E. 2d, 199).

The verdict of $116.67 appears to have been based on a finding by the jury that the rental value of the premises was $35 per month, this verdict being double rent for the period of occupancy from December 22, 1948, to February 12, 1949, when the tenant moved from the premises. But under the evidence and the law applicable thereto the tenant was not occupying the premises as a tenant at sufferance prior to the expiration of the calendar year, December 31, 1948, and consequently the amount included in the verdict for double rent from December 22 to December 31, 1948, which would be $21, is contrary to law, and it is ordered that the same be written off the verdict and judgment at or before the time the judgment in the trial court is entered on the remittitur from this court. Otherwise, the judgment of the trial court shall stand reversed.

The verdict for double the rental value of the premises, except as above indicated, was authorized by the evidence.

■ The trial judge did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed with direction. Felton and Worrill, JJ., concur.*