## 32902. SOUTH SIDE MOTORS INC. *v.* FORSYTH.

DECIDED APRIL 7, 1950.

*Harold Sheats,* for plaintiff in error.

*Hewlett & Dennis, T. F. Bowden, Florence H. Dendy, Sam D. Hewlett Jr.,* contra.

SUTTON, C. J.   R. J. Forsyth brought a bail-trover suit in Fulton Civil Court against South Side Motors Incorporated to recover a 1949 Ford club coupe automobile.   The case was tried before a jury, and the evidence adduced at the trial was substantially as follows:   R. J. Forsyth, the plaintiff, had title to the automobile involved, and brought it from Alabama to Columbus, Georgia, on April 7, 1949, for the purpose of selling it at an automobile auction, and while in Columbus he sold the automobile to a person who represented that he was Donald Burgess and an agent for the Burgess Motor Company of Montgomery, Alabama.   In payment for the automobile this person gave Forsyth a check for $1675 drawn on the First National Bank of Montgomery, Alabama, the same being payable to Forsyth and bearing the signature of Donald Burgess.   Burgess and Forsyth signed a written and printed agreement, which is dated April 7, 1949, containing recitals to the effect that Burgess had purchased the automobile from Forsyth, and showing the price as $1675.   The instrument does not show how the price would be paid or was paid.   It contains the following provisions:

"It is expressly agreed by the undersigned buyer [Donald Burgess] that the title and ownership of said automobile .. . shall remain in said vendor [R. J. Forsyth] or assigns until any check, draft, due bill, note or any other instrument, given for the purchase price of said automobile, or any part of the same, has been fully paid, and so marked and delivered up to said buyer, and that said title shall not pass to the buyer and this bill of sale become absolute until the payment in full of such check or checks, draft, due bill, note or instrument, or any renewal of the same, and delivery up of the same to the buyer as above provided." Burgess received the original of this instrument. On the following day, April 8, 1949, Forsyth presented the check to the bank on which it was drawn for payment, and payment was refused, it appearing that the bank had no account in the name of Donald Burgess. Police were notified in an attempt to recover the automobile. On April 9, 1949, Forsyth discovered the automobile in a used car lot in East Point, Georgia, operated by the defendant, South Side Motors. Forsyth demanded possession of the automobile from an agent of South Side Motors, Harold Cawthon, and Cawthon refused, stating that he had purchased the automobile from one Donald Burgess. The plaintiff and one of his witnesses testified that Cawthon told them he was able to purchase the automobile for $125 less than the price of the automobile to Burgess, because Burgess had said that he had to sell quickly in order to cover a check he had given Forsyth in payment for the automobile. Cawthon denied making this statement. Cawthon testified that the evidence of title in Burgess shown to him by Burgess was the instrument showing that Burgess had purchased the automobile from Forsyth. The plaintiff and one of his witnesses identified H. W. DeLay, one of the defendant's salesmen, as the man who purchased the automobile from the plaintiff under the name of Burgess. This was denied by DeLay. Harold Cawthon testified that DeLay was with him in and around East Point on the day Forsyth sold the automobile to Burgess in Columbus. The operator of another used car lot in East Point who was acquainted with DeLay testified that DeLay was not the person who came to him with the automobile trying to sell it and representing himself to be Donald Burgess. Another witness testified that DeLay was at an automobile auction and

barbecue near East Point on the day and about the time Burgess was in Columbus. Harold Cawthon purchased the automobile from Burgess on April 9, 1949, for $1550, for the defendant, and gave Burgess a check of the defendant in payment. Cawthon testified that DeLay was present at the used car lot at the time of this transaction, and DeLay also testified as to his presence there at this time. The authority of Cawthon to make the purchase for the defendant was stipulated. When the plaintiff first claimed the automobile the defendant, by and through an officer, offered to stop payment on the check given to Burgess, but prior to this it appears that Burgess had presented this check for payment at the bank, and the bank had called Cawthon to verify the fact that the check was issued, and the check had been paid.

The jury returned a verdict for the plaintiff for the automobile and hire, the defendant moved for a new trial, and the trial judge overruled the motion, to which judgment the defendant excepted. The motion consists of the general grounds and ten special grounds.

■ In special ground 1 of the motion error is assigned on the following excerpt from the charge: "Gentlemen, there are two issues that you have to determine in this case. First, you have to determine whether or not Mr. Forsyth sold or delivered this car to a man named Burgess who later turned out to be the same as a Mr. DeLay who was connected with the defendant automobile company. If in your deliberations you should determine that the person representing himself to be named Burgess was, in fact, the same as DeLay, who was an agent for the South Side Motor Company, the defendant in this case, that would end your deliberations and you would immediately return a verdict for the plaintiff since it is admitted by all the evidence that Mr. DeLay is an agent of the South Side Motor Company, and if you should determine that Burgess and DeLay are one and the same person as is charged by the plaintiff in this case, that would end your deliberations and you would find a verdict for the plaintiff." In special ground 3 of the motion error is assigned on the following part of the charge: "Gentlemen, briefly, the issue under all the law that I have given you now is two-fold and I will go back over it since the charge

is somewhat lengthy. First, you are to determine whether or not Burgess and DeLay are one and the same person. If you determine from the evidence that Burgess and DeLay are one and the same person and that Mr. Forsyth was defrauded by a person representing himself to be Burgess who later turned out to be DeLay, an admitted agent of the defendant, that would end your deliberations and you would immediately find a verdict for the plaintiff." In respect to these excerpts from the charge the defendant contends that the agency of DeLay, except as a saleman, was not shown, and in respect to the first excerpt it is also contended that it eliminated from consideration of the jury the possibility that DeLay and Burgess were one and the same, but that the defendant had no knowledge of such fact, and in good faith did purchase the automobile from the person representing himself to be Burgess. Other similar contentions are made. The defendant is correct as to the effect of the charge. In substance the trial judge charged that if Burgess and DeLay were in fact found to be one and the same person, the jury must find for the plaintiff, and the ultimate question is the correctness of the direction of the trial judge in this respect. It was stipulated that Cawthon was an agent of the defendant who had authority to purchase the automobile involved, and Cawthon, as a witness for the defendant, testified that DeLay was present on the used car lot when he made the purchase from Burgess, and DeLay also testified to the truth of this fact. The very nature of the entire defense as to the identity of DeLay as shown by the evidence for the defendant is to establish an absolute alibi for DeLay, and under all the circumstances shown, including the fact that he was a salesman for the defendant and well known to the defendant's agent, Harold Cawthon, the defense is entirely repugnant to and negates the proposition that if DeLay and Burgess were one and the same in fact, a purchase was made by Cawthon for the defendant in good faith from a person calling himself Donald Burgess who had good title. We think the trial judge correctly concluded from the evidence that if the jury should believe that DeLay and Burgess were one and the same person the plaintiff was entitled to recover, and this is true irrespective of what the trial judge may have said in regard to the admitted agency of

DeLay. Special grounds 1 and 3 of the motion show no harmful or prejudicial error.

■ Special ground 2 of the motion is an assignment of error on the following part of the charge of the court: "In this case it is alleged that there was a reservation of the title when Mr. Forsyth, the plaintiff, delivered the car to Mr. Burgess in Columbus, that he reserved the title under the terms of the agreement until such check or note or other evidence of indebtedness had actually been paid. And I charge you that this reservation embraced in a written contract would prevail over the claim of one acquiring the property if the person who received the property had actual notice of the reservation even though the contract was not recorded." The defendant contends that the statement contained in the written contract was not sufficient to put the defendant on notice of any reservation of title, unless it also knew that a note or check had been given in payment and had not been satisfied, and that the above charge excluded this defense, but in making this contention the defendant overlooks the fact that in connection with this part of the charge the judge also said: "Before the jury would be authorized to find for the plaintiff, the jury must believe not only that the check given by Burgess to Forsyth was not good but also that the agent for the defendant . . had actual notice not only that a check had been given in payment of the car but also that the check was, in fact, no good. If you believe from the evidence that at the time Mr. Burgess sold the car to the South Side Motor Company he told them that he had to sell it for $1550 or some less sum than he had paid and that his document showed that he had paid—if he at that time told them that he had to sell this car to get the money to get to the bank before the check got to the bank, that would be such notice to the South Side Motor Company as would put them on notice that a check had been given and that it had not been paid and that that portion of the contract which said the title would remain in the seller would be binding upon them. On the other hand, if you do not believe that such a statement was made or that the South Side Motor Company had any knowledge that a check had been passed or that, if a check had been passed, it had not been paid, then it would not be such notice as to inform them that the car had

not actually been paid for and that Burgess did not have a right to sell it. It is incumbent upon the plaintiff to show that the defendant knew that a check had been given and that the check had not been cashed or that it was of no value." Whether the true rule under the terms of the particular contract here involved is that it alone was sufficient to put the defendant on notice of the reservation of title, or whether it was also necessary for the defendant to have notice that payment had actually been made by a check, is immaterial, for it is quite clear that the judge charged the rule most favorable to the defendant in this respect and that he did not exclude, as the defendant now contends, a defense based on the theory that the defendant, with knowledge of the contract, must also know that payment was made by a check or note which was still unsatisfied when the defendant purchased the automobile. Special ground 2 of the motion shows no error as to the defendant, and the contentions of the defendant in respect to this assignment of error are wholly without merit.

Special ground 4 of the motion is based on the admission in evidence, over objection, of the following testimony of the plaintiff: "The price was to have been $1675 which he [Burgess] gave me a check for, and was supposed to be full payment after I cashed the check." Special ground 5 of the motion is based on the allowance in evidence, over objection, testimony by the plaintiff as to what transpired when he took the check to the bank on which it was drawn, in Montgomery, Alabama, and presented it for payment. Among other things this testimony shows that the plaintiff personally presented the check to the bank for payment, and that payment was refused. Special ground 6 of the motion is based on the admission in evidence, over objection, of testimony by the plaintiff to the effect that he saw someone at the bank place a stamp mark and certain lettering on the back of the check. Special ground 7 of the motion is based on the overruling of an objection by counsel for the defendant to certain questions propounded to the plaintiff on direct examination. The colloquy which took place is as follows: "Q. I think you stated to me a few minutes ago, Mr. Forsyth, I believe, that Mr. Cawthon told you that Burgess had said to him he had given a check for the car. Mr. Sheats: I object to that as leading, as putting that

right in his mouth. Mr. Hewlett: I just want to bring out that one point, if your Honor please. Q. What did Mr. Cawthon say to you in reference to what Burgess said to him about payment of the automobile to the party from whom he purchased the car? Mr. Sheats: I object to it as leading. The Court: I don't believe that's leading . . Go ahead and answer the question." Special ground 9 of the motion is an assignment of error based on the admission in evidence of the check which Burgess gave Forsyth in payment for the automobile, over objection by the defendant, and special ground 10 of the motion is based on the admission in evidence, over objection, of the copy of the agreement between Forsyth and Burgess that was retained by Forsyth. This copy is identical with the copy given to the defendant by Burgess, which was admitted in evidence, except that the copy retained by Forsyth is marked "Seller's Copy," whereas the copy that Burgess had and gave to the defendant is marked "Buyer's Copy." These grounds of the motion are without merit.

■ Special ground 8 of the motion is based on the admission in evidence of testimony by the plaintiff, over objection by the defendant on the ground that the testimony was a self-serving declaration of the plaintiff. This ground of the motion is incomplete in that the testimony is not shown therein, either literally or in substance, or by reference to any exhibit attached to the motion for a new trial. A special ground of a motion for a new trial should be complete within itself so that the court can properly understand the nature of the error complained of, and a ground for a new trial based on the admission or exclusion of evidence should contain a statement of such evidence, either literally or in substance, or the evidence should be attached to the motion for a new trial as an exhibit, and properly identified in the ground of the motion by some reference thereto, so that it can be considered in connection with the ground of the motion. This ground of the motion is incomplete and presents nothing for consideration as to the trial judge's ruling.

■ The case was presented to the jury under two possible theories of recovery for the plaintiff. One of these theories was that if Burgess and DeLay were one and the same person, the purchase by the defendant, through its authorized agent,

Harold Cawthon, was not a bona fide purchase, and the plaintiff was entitled to recover, and the other was that if the defendant, through its authorized agent, Harold Cawthon, had notice of the title of the plaintiff on account of the terms of the agreement between the plaintiff and Burgess, Burgess having given Cawthon his copy of the agreement, and if the defendant also had notice that Burgess had paid for the automobile by a check which was no good, or had not been paid, the plaintiff was entitled to recover. There was some evidence to the effect that Burgess and DeLay were one and the same person, while the defendant introduced much evidence establishing an absolute alibi for DeLay and showing that it was impossible for him to be the same person as Burgess, and there was evidence showing that Cawthon knew that Burgess had paid for the automobile with a check which had not yet been paid by the bank on which it was drawn, and under the terms of the agreement between Forsyth and Burgess which was given to Harold Cawthon there was a reservation of title by the seller until any check given for payment had itself been paid. A verdict for the plaintiff was authorized under either theory.

■ The trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*