36246. SHARPE *et al. v.* FROST.

Decided October 9, 1956.

*C. L. Cowart, T. Ross Sharpe, Alvin L. Layne, Peyton Miles,* for plaintiff in error.

*Jack W. Ballenger,* contra.

QUILLIAN, J. 1. The grounds of special demurrer have neither been argued in the brief filed by the defendants nor otherwise insisted upon, and are treated as abandoned.

2. Special grounds 1 and 2 of the motion for new trial insist that the trial judge erred in denying a motion for continuance. The defendants made the motion because Leroy Kelly was not present on account of illness. Kelly had not been subpoenaed. The trial judge did not abuse his discretion in denying the motion for continuance. *Lewis* v. *State,* 89 *Ga.* 803 (15 S. E. 772); *Jones* v. *State,* 125 *Ga.* 307, 308 (54 S. E. 122).

3. Special ground 3 assigns error on the trial judge's failure to charge the jury "that if the jury found from the evidence in said case that the plaintiff, if he was arrested at all, was arrested by an agent of the Georgia Bureau of Investigation and not by the deputy of defendant Sharpe, Sheriff, then and in that event the plaintiff would not be entitled to recover." If the court had so charged the jury it would have been error because the sheriff's liability did not depend entirely upon whether the arrest of the plaintiff was made by the sheriff's deputy, but rather upon whether it was made under his authority and instructions. The pleadings and evidence made an issue as to whether Mr. Kelly was authorized and instructed by the sheriff to arrest the plaintiff.

4. Special grounds 4 and 5 assign as error the trial judge's failure to charge the jury the principles of law applicable if the arresting officers had a warrant for the plaintiff's arrest. This contention is without merit because the only warrant against the plaintiff in evidence was a search warrant, under which there is no authority to make an arrest. These grounds show no error.

5. Special ground 6 complains that the trial judge erred in failing to charge the jury as follows: "Damages are given as compensation for the injury done, and generally this is the measure where the injury is of a character capable of being estimated in money. If the injury is small, or the mitigating circumstances are strong, nominal damages only are given." Code § 105-2001. The plaintiff sued for, and offered proof sufficient to authorize recovery of, special damages. For this reason, the language

which the ground contends the trial judge should have given in charge to the jury was adapted neither to the pleadings nor the evidence adduced upon the trial of the case. The ground is therefore without merit.

6. Special ground 7 contends that the trial judge "erred in failing to give in charge to the jury either literally or in substance the law of agency." This assignment of error was too indefinite to raise any question to be decided by this court. *Smith* v. *State*, 125 *Ga.* 300 (1) (54 S. E. 124).

7. In special ground 8 of the motion for new trial the defendants assign as error the judge's failure to charge Code § 105-2003 which is as follows: "In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed, except the enlightened conscience of impartial jurors. The worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be weighed." Where the entire injury sued for is not to the peace and happiness of the plaintiff, it is error for the judge to charge Code § 105-2003 in its entirety. *Central of Ga. R. Co.* v. *Newton*, 23 *Ga. App.* 96 (3) (97 S. E. 553); *Pynetree Paper Co.* v. *Wood*, 23 *Ga. App.* 604 (99 S. E. 222). This ground shows no error.

8. Special ground 9 assigns as error the trial judge's failure to instruct the jury as to the principles of law applicable to the contentions of the defendants. One of the defendants' contentions in their answer was that they had not detained the plaintiff at any time and therefore there had been no false imprisonment or arrest of the plaintiff. It was error for the trial judge not to instruct the jury as to the law applicable to this contention. Under the instructions which were given to the jury, they were left without any guide by which to determine what acts would constitute false imprisonment. It is error for the trial judge to fail to give the law applicable to the contentions of the parties whether requested or not. *Evans & Pennington* v. *Nail*, 1 *Ga. App.* 42, 44 (57 S. E. 1020). "It is one thing to state what a party contends, and another and a very different thing to state the law applicable to such contention." *Atlanta, K. & N. Ry. Co.* v. *Gardner*, 122 *Ga.* 82, 93 (49 S. E. 818). The trial judge erred in failing to instruct the jury as to the law pertaining to the contentions of the defendants.

9. Special ground 10 complains of the trial judge's failure to charge the jury that in the event they determined that Leland Coleman was not acting under the authority of Sheriff Sharpe, but was acting in his individual capacity, then the plaintiff would not be entitled to recover. This issue was not covered in the general charge, and without a request to charge it the jury should have been instructed in regard to it.

10. After careful consideration of the evidence, it is decided that the general grounds are without merit. There was sufficient evidence from which the jury could determine that Leland Coleman and Leroy Kelly acted in concert in making the unlawful arrest of the plaintiff, and that both men were acting under the direction and instructions of Sheriff Sharpe.

11. The defendant in error invokes the rule that each ground of a motion for new trial, in order to be considered by this court, must be complete within itself. He points out that the 9th and 10th grounds of the amended motion do not set forth the pleadings or evidence necessary to a clear understanding of them. It is true that neither ground quotes the pleadings or evidence literally, but each ground fully states in substance the pleadings and evidence that must be considered in passing upon it. This is all that is necessary to meet the requirements of the rule referred to in *Pate* v. *King*, 79 *Ga. App.* 571, 572 (54 S. E. 2d 476), and *South Side Motors, Inc.* v. *Forsyth*, 81 *Ga. App.* 374, 380 (59 S. E. 2d 29). In both cases cited the ground was held incomplete because the portion of the record necessary in determining it was not set out in the ground "literally or in substance."

*Judgment reversed. Nichols, J., concurs. Felton, C. J., concurs specially.*

FELTON, C. J., concurring specially. I concur in the judgment of reversal because of the failure on the part of the court to charge the jury as to the liability of the defendant Sheriff Sharpe if the jury should find that Leland Coleman was not acting under Sheriff Sharpe's authority (ground 10). I do not think the subject was covered in the general charge, as the court did not charge any law at all on the questions involved in the contentions of the parties.