## WILSON *v.* HUGUENIN.

1. Assignments of error upon the admission of evidence will not be considered when it does not appear what objection to its admission was made before the court below.

2. There was no error in the charge complained of, or in refusing to charge; and the evidence was sufficient to authorize the verdict.

Submitted March 18, —Decided April 7, 1903.

Trover.    Before Judge Nottingham.    City court of Macon. April 25, 1902.

*Herman Brasch*, for plaintiff in error.    *F. R. Jones*, contra.

SIMMONS, C. J. Trover was brought against Carrie Wilson. She defended on the theory that the property claimed by the plaintiff had been sold to her absolutely and without reservation. The plaintiff claimed that the sale was a conditional one, in writing, with reservation of title in him. The jury found for the plaintiff.

The defendant moved for a new trial. The motion was overruled, and she excepted.

1. Two of the grounds of the motion complained of the admission of evidence over the objection of the defendant. The assignments of error do not show that the objections set out in the motion were suggested to the trial judge at the time the evidence was admitted; and this court must therefore decline to consider the assignments of error.

2. The motion also complained of the refusal of the court, though properly requested in writing, to charge as follows: " The burden is on the plaintiff to prove the special agency of John and Albert Wilson." Inasmuch as the plaintiff's case might have been made out by proof of special or general agency in one of these persons to make the contract or in the other to ratify it, there was no error in refusing this request.

Complaint was also made of the submission to the jury of the questions as to whether these persons were the agents of the defendant, and whether she had ratified their acts. It was contended that these were questions for the court, and not for the jury. Where the facts are not in dispute, the court should decide the character of an agency created; but in this case there was a conflict in the evidence as to whether there was any agency, and as to whether there had been any ratification. To determine these questions was within the province of the jury as judges of all questions of fact. They found for the plaintiff; and, while the evidence is not altogether clear or free from doubt, there was enough to authorize a finding that, even if the defendant had not authorized the original contract, she did subsequently ratify and affirm it. The verdict was, therefore, not without evidence to support it.

*Judgment affirmed. By five Justices.*