BOWDEN *et al. v.* BOWDEN *et al.*, executors.

1. "In order for the exclusion of oral testimony to be considered as a ground for a new trial, it must appear that a pertinent question was asked, and that the court ruled out the answer; and that a statement was made to the court at the time, showing what the answer would be; and that such testimony was material, and would have been benefited the complaining party."

2. Grounds of a motion for new trial complaining of the admission of testimony over objection should show what objection was urged at the time of the admission of the evidence, or they will not be considered.

3. Exceptions that the verdict is contrary to the charge, or to a specified portion of it, are superfluous, such objections being covered by the general ground that the verdict is contrary to law.

4. The testimony introduced by the plaintiffs authorized a finding by the jury in their favor, and there was no error in refusing to grant a nonsuit.

5. Grounds of a motion for a new trial not urged nor referred to in the brief of counsel for the plaintiff in error will be treated as abandoned.

Argued January 25, — Decided March 24, 1906.

Complaint for land. Before Judge Freeman. Meriwether superior court. June 8, 1905.

*Hill & Culpepper*, for plaintiffs in error.

*McLaughlin & Jones* and *W. R. Jones*, contra.

BECK, J. To a suit for land brought by John M. Bowden and others, as executors of the estate of John C. Bowden, deceased, the defendants, B. H. Bowden and Queen Bowden, his wife, pleaded,

that they were joint owners of the property sued for, by virtue of a gift from the plaintiffs' testate in consideration for services rendered the deceased during his lifetime; that they were put in possession of the place by said John C. Bowden, have made valuable improvements thereon, and have given the land in for taxes and paid the same, as well as exercised "acts of ownership over it against John C. Bowden and against the whole world, all of which was known and recognized by and acquiesced in by John C. Bowden in his lifetime." By way of amendment to the defendants' plea, B. H. Bowden disclaimed all title to the place, averring the sole owner thereof to be his wife, to whom he alleged the land was given by the deceased in consideration of services rendered by her alone. Subsequently the plea was again amended by having the last amendment stricken, and averring that the land was owned jointly by the defendants, as set forth in the original plea. When the case came on to be tried, the jury rendered a verdict for the plaintiffs. The defendants made a motion for a new trial, upon the general grounds, and because of certain errors alleged to have been committed by the court. A new trial was denied, and the defendants excepted.

1. The first and second grounds of the amended motion ascribe error to the court in refusing to allow one of the defendants to answer certain questions propounded to him by defendant's counsel; but it does not appear that a statement was made to the court at the time, showing what the answers would be, or what answers were expected. Hence, under the ruling enunciated in the case of *Griffin* v. *Henderson,* 117 *Ga.* 382, which has been repeatedly adhered to by this court, these grounds can not be considered.

2. The fifth and seventh grounds complain of the admission of certain evidence over the objection of the defendants; but as it is not shown what objections, if any, were urged at the time the evidence was admitted, this court can not consider these assignments of error. *Wilson* v. *Huguenin,* 117 *Ga.* 546; *Atlantic & Birmingham R. Co.* v. *Rabinowitz,* 120 *Ga.* 864(2).

3. The sixth ground alleges that the verdict was contrary to a specified charge of the court. It has been so often and consistently ruled by this court that an objection on the ground that the verdict is contrary to the charge of the court is no more than a complaint that the verdict is contrary to law, and is therefore superfluous

where there is a motion for a new trial upon the general grounds, that we deem it entirely unnecessary to cite authority therefor.

4. The testimony introduced by the plaintiffs, if believed by the jury, authorized a finding in their favor, and the court did not err in overruling the motion made by defendants' counsel that a non-suit be awarded.

5. The other grounds of the motion were either expressly abandoned, or, not having been urged or referred to in the brief of counsel for plaintiffs in error, will be treated as abandoned. *Tarver* v. *State,* 123 *Ga.* 494.

<div align="center">

*Judgment affirmed. All the Justices concur.*