## BOURQUIN *v.* BOURQUIN *et al.; et vice versa.*

1. Objections to certain evidence offered on the trial, as set out in the first three divisions of the opinion, were properly sustained.

2. Under the pleadings and the evidence the court did not err in granting a nonsuit.

Nos. 2239, 2240. JUNE 15, 1921.

Equitable petition. Before Judge Meldrim. Chatham superior court. June 8, 1920.

Elliott Bourquin filed his petition against Guillemain Bourquin, the Savannah Bank & Trust Company, a corporation, and Henry Sheafter, and alleged in substance as follows: Gugie Bourquin, the plaintiff's father, died intestate on or about November, 1902, seized and possessed of 2038 acres, more or less, of land on the Ogeechee road about five miles from the City of Savannah, known as the Newton plantation. No administration has ever been had on the estate of Gugie Bourquin, and it is still unadministered; and there are no debts, so far as plaintiff is advised, except one execution which has been paid by the defendant, Guillemain Bourquin, who, while the plaintiff was absent from the State, entered upon and took possession of intestate's property. Intestate had one other son, Polignac Bourquin, who for more than seven years has been absent from the State and whose whereabouts at the present time are unknown to plaintiff, who is informed and believes that Polignac Bourquin is dead, leaving no issue or widow surviving him. Guillemain Bourquin, who claimed to be one of the heirs of Gugie Bourquin, while plaintiff was absent from the State, assumed charge of all of the property, real, personal, and mixed, which was left by Gugie Bourquin, including all of his private papers. The plaintiff is the sole heir of intestate, Gugie Bourquin. Guillemain refused to discuss a division of the property, saying there was nothing for petitioner, and claiming that his father had given Guillemain the property, and that he held it in rightful possession by virtue of a certain instrument, copy of which was attached to the petition. Guillemain also made a statement that he had bought the property from petitioner's father. Later, in 1918, Guillemain claimed to be the owner of the land by virtue of an instrument in the form of an absolute conveyance from the intestate, dated May 4, 1895, upon an express consideration of $1,800; recorded April 13, 1898. When plaintiff later insisted that a proper division be made, Guillemain informed him that it was not an opportune time to sell the property, and that in view of the low prices obtaining it was not advisable to consider a division of the estate then. Plaintiff contended that for the purposes of a division a sale was not nec-

essary, and that the properties could be partitioned in kind. Guillemain was not willing to make any division, and prevailed upon plaintiff to the extent that if he would await further developments he would be treated right and receive his share of the property. Acting upon these representations plaintiff allowed Guillemain to act in the capacity of a trustee for the purpose of preserving the status of the estate, paying taxes, collecting rents, managing timber rights, and conserving the profits and income from the estate. The instrument from the intestate to Guillemain was a deed to secure a debt; after the date thereof and up to the time of his death the intestate had remained in possession of the property, exercising acts of ownership, and bringing suit against Chatham County for trespass; and after his death an execution against him was levied on the land, and a claim was interposed by Guillemain Bourquin, which resulted in a verdict and judgment against him, from which no appeal was taken. In 1914 Guillemain sold certain timber from the land for a consideration of $31,000, of which the sum of $10,000 was paid to the defendant, and the remainder of $21,000 was deposited with the Savannah Bank & Trust Company pending the claim of the rightful owners. Guillemain has received the rents, income, and profits from the lands in controversy in an amount unknown to plaintiff, but sufficient to pay the indebtedness which the deed describes. He prays, that the assets of the estate of Gugie B. Bourquin be marshaled, that an accounting be had between plaintiff and Guillemain Bourquin; that the Savannah Bank & Trust Company make an accounting; that the deed attached to the petition be declared void in so far as the same may purport to convey title to the properties therein described, but to be of full force and effect so far as it may bona fide appear to be as security for a debt; that the funds alleged to have been invested by Guillemain in certain described property be traced for the purpose of determining whether or not the same constitute a part of the assets of the estate of the decedent, and, if so, that a judgment be rendered against the same in favor of plaintiff; that plaintiff be declared the sole heir of the intestate as to the property described and of all other property; and that provision be made for holding the proportionate share of Polignac Bourquin of the estate, in the event it should appear that Polignac is not dead.

37

Guillemain Bourquin filed general and special demurrers. Amendments to the petition were made to meet the special demurrers; among others one was as follows: "Upon making investigation facts came to petitioner's knowledge which convinced him that the defendant, Guillemain Bourquin, was not a lawful heir of the said Gugie Bourquin, but was born of a colored mother, and, having negro blood in his veins, was not entitled to inherit under the laws of Georgia." The demurrers were overruled, and exceptions pendente lite were taken. The defendants filed answers to the petition. Guillemain Bourquin averred, among other things, that he is a legitimate son of Gugie Bourquin, and that the deed of 1895, conveying the premises in controversy to him, was an absolute conveyance, and that he was sole owner of the property. At the conclusion of the evidence a motion for a nonsuit was made and was sustained; and the plaintiff excepted. The defendants took a cross-bill of exceptions. For the other facts see the opinion.

*George H. Richter* and *Simon N. Gazan,* for plaintiff.

*R. R. Richards, W. L. Clay, O'Byrne, Hartridge & Wright,* and *Stephens, Barrow & Heyward,* for defendants.

HILL, J. (After stating the foregoing facts.)

1. During the trial of the case the court sustained an objection to the following questions and answers; the questions being propounded by counsel for the plaintiff, who was testifying in his own behalf: "Q. Do you know the Newton plantation? A. Yes. Q. At the time of Gugie Bourquin's death who owned that? A. My father." It is insisted that the court erred in ruling out the evidence objected to, because it is insisted that the substantive fact of the ownership of real estate may be proved by parol when there is no effort to go into the contents of any written instrument. We think that this assignment of error is without merit. The general rule is that title or ownership of real estate can not be proved by parol. The court did permit the witness to testify: "Gugie Bourquin was in possession of the Newton plantation up to his death; he always claimed it to be his, and he exercised acts of ownership over the land." We think the court permitted the witness to go quite far enough in his testimony on this point.

2. Error is assigned because the court sustained an objection to the following question and answer: "Q. Why was not Dr. El-

liott consulted? A. He refused — Guillemain refused. He wrote that; . . and I tried to get a division, and I said, ' Go to Dr. Elliott,' and he refused to go." There is nothing to show the materiality of this evidence to the issues involved in the case, and the court did not err in ruling it out on objection.

3. On the trial the plaintiff offered in evidence the record in the case of Joseph A. Cronk *v.* Gugie Bourquin and Guillemain Bourquin, claimant, showing the levy of a fi. fa. in favor of Joseph A. Cronk *v.* Gugie Bourquin upon the Newton plantation as the property of Gugie Bourquin, and that Guillemain Bourquin filed claim to it under the deed a copy of which was attached to the petition, which deed purported to convey the Newton plantation from Gugie Bourquin to Guillemain Bourquin; this record showing that upon the trial had in that case the property was found subject to the fi. fa., and the claim not sustained. The court did not err in excluding the record. It is insisted that the record was admissible " on the question of the bona fides of the defendant in refusing to give " plaintiff his share of the estate, and relying on the deed to himself to defeat plaintiff's claim. The record did not tend to show bad faith on the part of the defendant. Besides, the parties to that suit were not the same as in the present case. See *Gaither* v. *Gaither,* 23 *Ga.* 521, 528; *Bradley* v. *Johnson,* 49 *Ga.* 412, 414 (3); *Luke* v. *Hill,* 137 *Ga.* 159, 161 (73 S. E. 345, 38 L. R. A. (N. S.) 559).

4. After the plaintiff had rested his case the defendant made a motion for nonsuit upon two grounds: (1) That there was no sufficient proof that Guillemain Bourquin was the illegitimate son of Gugie Bourquin, as alleged. (2) That there was no sufficient proof that the money or indebtedness to secure which the plaintiff contended the deed exhibited was executed by Gugie Bourquin to Guillemain Bourquin was repaid to Guillemain Bourquin, or tendered to him before the filing of the suit, to divest his title thereunder. After a careful review of the evidence in the case we reach the conclusion that there is no proof showing that Guillemain was the illegitimate son of Gugie Bourquin as alleged. The evidence for the plaintiff on that subject was of the vaguest and most indefinite character. The plaintiff himself testified that he and Guillemain Bourquin and Polignac Bourquin lived in the same house with Gugie Bourquin and Louisine Bourquin as their

children. Guillemain was always recognized by him as his brother until a short while before the present suit was filed, when plaintiff "was informed" that Guillemain was the son of his father and a negro woman. Several witnesses, white and colored, who lived in the neighborhood where the Bourquins resided, testified in the case; but at most the evidence was barely sufficient to raise a suspicion that Guillemain was not the legitimate son of his father. Indeed the evidence showed that Gugie Bourquin in his lifetime stated that Guillemain, the oldest of the children, was a child by a former wife. The evidence discloses, as stated, that the three sons lived in the same house with the father and supposed mother, and that Guillemain was brought up as one of the family and was treated as such. The three children all attended the same school, which was a school for white children. A careful examination of the entire evidence in this case fails to show anything, except the barest suspicion, that Guillemain was not the legitimate child of a lawful wife; and this being so, the plaintiff has failed to make out his case based on the allegation that Guillemain is an illegitimate, and that plaintiff is the sole heir of his father — assuming that plaintiff has satisfactorily accounted for the absence of his brother Polignac Bourquin for more than seven years, unaccounted for, without leaving wife or children.

On the other ground of the motion to nonsuit, we also think that the motion should be sustained. The plaintiff has failed to show that the deed from Gugie Bourquin to Guillemain Bourquin was made to secure a debt. The deed purports on its face to convey an absolute title, but it is contended by the plaintiff that it was merely for the purpose of securing a debt which has been paid out of the rents and profits of the land conveyed. Just what these were, if any, does not appear with reasonable certainty. It should be proved just what the amount of the debt was, and what the proceeds from the land were; and this has not been done. It is not sufficient to affirm that the rents and profits from the land in controversy were equal to or greater than the debt owing by the grantor to the grantee. As stated above, the deed from Gugie Bourquin to Guillemain Bourquin appears on its face to be absolute, conveying the fee-simple title to Guillemain Bourquin. It was executed, according to its date, more than twenty-five years ago; and in order to have this conveyance canceled the plaintiff

contends that the defendant, Guillemain, undertook to reconvey the land in controversy to Gugie Bourquin, upon " conditions." It appears that no reconveyance was to be had except in the event that Gugie Bourquin complied with the " conditions," and there is no evidence showing what these conditions were, nor whether they had been complied with. Therefore the plaintiff has failed to make out such a case as would entitle him to recover. This being so, the court below very properly sustained the motion to nonsuit.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*