12632, 12633.   MONTEZUMA LIVE STOCK COMPANY *et al.*
v. DOVER; and *vice versa.*

JENKINS, P. J.   This was a suit by the owner of certain cattle against a partnership for damages resulting from their alleged negligence in releasing his stock from a railroad-pen where they were confined awaiting shipment.   Three items of damage were claimed,— loss in market value of such of the cattle as were recovered, expenses of feeding the cattle and labor, incurred in their recovery, and the market value of three head which were never recovered.   Defendants demurred generally and specially to the petition.   The court overruled the grounds of the general demurrer, and those of the special demurrer attacking the sufficiency of the claim for the value of the lost cattle, but sustained the grounds which attacked the remaining items of damage as being inadequately set forth.   To these rulings both parties filed exceptions pendente lite.   A verdict was found for the plaintiff.   In the bill of exception of the defendants error is assigned on the refusal of a new trial and on their exceptions pendente lite to the adverse rulings on the demurrers.

1. The petition set out a cause of action; and, as the record shows that the original alleged misjoinder of the present defendants with the railroad company in whose pen the cattle were placed was cured by an amendment striking the latter party from the petition, these grounds of demurrer are without merit.

2. It appears that the item of damages for the value of three head of cattle which were lost is set forth in both paragraphs 7 and paragraph 8 of the amended petition.   Both of these allegations were sufficient as against general demurrer.   Only the sufficiency of the allegation in paragraph 8 is attacked by special demurrer.   It follows that, since the proof supported the allegation in paragraph 7, the court would be unauthorized to set aside the judgment on account of alleged insufficiency of the allegation in paragraph 8.

3. The motion for new trial containing only the general grounds, and the verdict for the plaintiff being fully supported by evidence, the trial judge did not abuse his discretion in refusing a new trial.

4. The plaintiff's bill of exceptions, certified · by the judge after his certification of the defendants' bill of exceptions, assigns no error on any final judgment, but only upon the antecedent ruling sustaining the special demurrer as to two of the items of damages claimed in the petition.   Treated as a cross-bill, as the failure to except to the final judgment renders it insufficient as a main bill (*Mertins* v. *Pritchard,* 135 *Ga.* 643 (2), 70 S. E. 328; *Prater* v. *Crawford,* 143 *Ga.* 709 (85 S. E. 829), it is not subject to the motion to dismiss, as having been filed too late, or as not properly assigning error on the ruling actually complained of. Whether or not the questions thus presented by the plaintiff, in the absence of a proper main bill of exceptions by him, should be considered, under the general rule and practice of dismissing a cross-bill of exceptions where the judgment on the main bill is affirmed, except where the cross-bill presents the controlling question in the case, the exceptions taken, upon full examination of the allegations both in the original

petition and in the amendment numbered 4 to paragraph 8 of the petition, are without merit.

*Judgment affirmed on both bills of exceptions. Stephens and Hill, JJ., concur.*

DECIDED MARCH 20, 1922.   REHEARING DENIED APRIL 1, 1922.

Action for damages; from city court of Oglethorpe — Judge Greer.   May 16, 1921.

*S. E. Underwood, Jule Felton,* for plaintiffs in error.

*Jere M. Moore, Gilbert C. Robinson,* contra.

ON MOTION FOR REHEARING BY PLAINTIFF IN ERROR IN THE
CROSS-BILL.

JENKINS, P. J.   We have considered the plaintiff's exceptions pendente lite, presented in a bill of exceptions which can only be entertained as a cross-bill, for the reason that it fails to except to the final verdict and judgment, although the general rule and practice is to dismiss the cross-bill where the judgment on the main bill is affirmed.   While it is unnecessary to plead evidence, it is essential, as against timely special demurrer, to plead the ultimate facts with reasonable particularity, to show a right of recovery and to permit the opposite party to make his defense.   The amendment claiming in a lump sum $189.95, as loss in market value "by reason of the excitement, running, and driving of said cattle in returning them to petitioner's stable," is the only item relating to market value mentioned in the exceptions pendente lite. As to this the pleading fails to set forth that the defendant's act in opening the stock-pen was responsible for the alleged excitement and running in *returning* them, or to  show whether the alleged depreciation was caused by resulting physical injuries, loss in weight, or in what manner and as to which animals such damage was claimed, and the amount upon each.   As damages on account of expenses, plaintiff alleged that "in the recovery of the cattle aforesaid he was put to the expense of $127.35 as set out in the itemized statement" attached.   How or for what reason he was put to such alleged expenses is nowhere shown, except that the stock were brought from somewhere to "petitioner's stable," the location of which is not stated.   The failure to show this, and the necessity for incurring the various items such as feeding the cattle for several weeks, as well as the indefiniteness of the other items, such as "To Kelly Bros. $13.00," and "15 cows (Monk)

$80.00," rendered these allegations subject to special attack. The item for the value of the three lost head, as appears from the decision, was sustained not because of the sufficiency of the allegation, but because of the defendant's failure to demur specially to a paragraph containing the same. Motion denied.