### 15566. HILL BROTHERS *v.* RENDER.

BELL, J. 1. The controlling issue in this case was whether the defendant authorized his overseer to purchase on his credit the goods and merchandise for the purchase price of which the action was brought. If the evidence whose exclusion is assigned as error in special grounds 1, 2, 3, and 4 of the plaintiff's motion for a new trial had been admitted, it could not have changed the result, as it related only to certain duties performed by the alleged agent as overseer and as foreman of a sawmill, and could in no way have illustrated his authority as a purchasing agent. See *Render* v. *Hill,* 30 *Ga. App.* 239 (117 S. E. 258). In each instance the testimony was objectionable as being a mere conclusion of the witness.

2. Whether certain evidence offered by the plaintiff for the purpose of showing the inaccessibility of the overseer, as the foundation for admitting the testimony which he had given upon a former trial of the same case, was erroneously excluded, the plaintiff was not harmed by the ruling, since the court admitted proof of such former testimony as though the witness's inaccessibility had been satisfactorily established.

3. It is assigned that the court erred in allowing the plaintiff to prove

such former testimony only by one who heard it and who professed to remember it (Civil Code of 1910, § 5773), and in rejecting proof of the same by a brief of the evidence taken upon the former trial. This assignment is without merit, since nothing is shown as to the contents of the brief of the evidence. "A ground of a motion for a new trial should be complete in itself, or rendered so by an exhibit to the motion. Accordingly, it has been repeatedly ruled that a ground based on the admission or rejection of evidence presents nothing for adjudication, when such evidence is not set forth therein either literally or in substance, nor attached as an exhibit to the motion." *Shaw* v. *Jones*, 133 *Ga.* 446 (9) (66 S. E. 640).

4. Where an attorney for the plaintiff met with a member of the plaintiff's firm and the defendant for the purpose of discussing an account in issue between them, and said to the defendant that the parties had known each other for a long time, and "that it was a matter they could agree on the facts about without any dispute or controversy," and that he, the attorney, "hoped they would be able to settle it without any resort to the courts," admissions by the defendant which were induced by such suggestions were inadmissible as evidence in behalf of the plaintiff in a subsequent suit upon the account. "Admissions or propositions made with a view to a compromise are not proper evidence." Civil Code (1910), § 5781.

5. The fact that the seller, more than a year after the account had been incurred and become due, mailed to the defendant statements thereof and demands for payment, and that the defendant made no reply, was insufficient, without more, to establish a ratification by the defendant of the purchases made by the overseer on his credit. There being no other evidence of ratification, the court did not err in failing to instruct the jury upon that subject.

6. The court did not err as against the plaintiff in instructing the jury as follows: "In considering whether or not the agency existed, I charge you to consider all the circumstances and the apparent relations, and the conduct of the parties, in order to determine whether or not [the overseer] was acting as agent for" the defendant. *Render* v. *Hill*, supra.

7. The charge, "If you believe from the evidence he did make any purchases in this case, look to the evidence from the plaintiff in this case, look to the evidence to determine whether or not he was acting in the scope of his authority in so doing," is assigned as error on the ground that it was confusing and misleading, and required the jury to look only to the evidence of the plaintiff, whereas "agency could have been proved by the evidence of the defendant as well as the evidence of the plaintiff." An assignment merely that a charge is confusing and misleading is too general to be considered. *Wade* v. *Eason*, 31 *Ga. App.* 256 (1) (120 S. E. 440). When this charge is fairly construed, it is apparent that the phrase, "from the plaintiff in this case," was intended by the court to refer to the purchases, and not to the evidence,—that is, "purchases from the plaintiff," and not "evidence from the plaintiff."

8. In view of the context, there is no merit in the assignment of error on the charge excepted to in ground 15 of the motion for a new trial.

9. It is insisted by the plaintiff that the evidence showed without dispute that the defendant had admitted his liability for certain items of the

account, and therefore that the general verdict in his favor was unauthorized. The record shows, however, that the plaintiff's evidence upon this point was not uncontradicted. This contention, therefore, can not be sustained. The verdict found for the defendant was not without evidence to support it. The court did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 18, 1924.

Complaint; from city court of LaGrange—Judge Duke Davis. April 2, 1924.

*N. F. Culpepper, E. T. Moon,* for plaintiffs.

*L. B. Wyatt,* for defendant.