28488. SCOTTISH UNION AND NATIONAL INSURANCE COMPANY *v.* PEOPLES CREDIT CLOTHING COMPANY.

BROYLES, C. J. 1. It is error to grant a nonsuit unless the plaintiff fails to make out a prima facie case, or unless it appears that admitting all the facts proved by the plaintiff and all reasonable deductions therefrom, he ought not to recover. Code, § 110-310.

2. "An action for money had and received lies in all cases where another has received money which the plaintiff, ex æquo et bono, is entitled to recover and which the defendant is not entitled in good conscience to retain." *Dobbs* v. *Perlman*, 59 *Ga. App.* 770 (2) (2 S. E. 2d, 109), and cit.

3. In the instant case the evidence for the plaintiff made out a prima facie case for money had and received by the defendant, which the plaintiff in equity and good conscience was entitled to recover, and which the

defendant was not entitled in equity and good conscience to retain. The grant of a nonsuit was error. The cases cited in behalf of the defendant are distinguished by their facts from this case.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*

DECIDED NOVEMBER 29, 1940. REHEARING DENIED DECEMBER 19, 1940.

*MacDougald, Troutman & Arkwright, Dudley Cook, Esles Doremus,* for plaintiff in error.

*G. S. Peck,* contra.

### ON MOTION FOR REHEARING.

BROYLES, C. J.   In the motion for rehearing movant insists that this case is controlled in principle by the decision in *Rome Grocery Co.* v. *Greenwich Insurance Co.,* 110 *Ga.* 618 (36 S. E. 63). Movant concedes that that case is "not identical in its facts" with this case.   Moreover, in that case a verdict was *directed* for the insurance company, and the Supreme Court in the last paragraph of its opinion said:  "We therefore think that the court erred in directing a verdict for the plaintiff, but that the issues should have been submitted to the jury under instructions from the court given in accordance with the principles of law herein announced."   In the same case, on page 626, the court made the following statement: "There are authorities recognizing the right of an insurance company to recover back money, under certain circumstances, paid the insured in the settlement of a claim of loss on his policy, but, so far as our investigation has extended, in all these cases it appeared that the company acted, in adjusting the loss, upon some misrepresentation made by the insured, of a nature tending to show that he knew of its falsehood or incorrectness at the time he made such misrepresentations, and received the money with knowledge of the actual fraud which he had perpetrated."   In the instant case the evidence for the plaintiff insurance company showed that it acted, in adjusting the loss, upon the representations of the insured company, made by its president, that it had title to the property insured and that there were no encumbrances thereon at the time of the loss.   The evidence further showed that the insured submitted to the plaintiff a proof of loss, executed and sworn to by its president, in which it was stated that at the time of the loss the company had sole and unconditional ownership of the property insured and that there were no encumbrances thereon.   The evi-

dence also disclosed that such representations were false in that at the time of the loss the property insured had been transferred by a bill of sale to a third party, and that neither the local agent of the insurance company who wrote the policy nor the agent who adjusted the loss for the company nor the company's special agent who paid the loss had any knowledge of said bill of sale, and that the agent who paid the loss did so because he relied on the sworn misrepresentation of the insured that there were no encumbrances on the property. Furthermore, the evidence for the plaintiff (in the absence of any evidence to the contrary) was sufficient to authorize a finding by a jury that the misrepresentation was knowingly and fraudulently made by the insured with the intent to defraud the insurance company. Therefore the court erred in awarding a nonsuit. The other authorities cited in the motion for rehearing are differentiated by their facts from this case.

*Rehearing denied. MacIntyre and Gardner, JJ., concur.*