38931.   HUDGINS & COMPANY, INC. v.
SOUTHLAND ICE COMPANY.

DECIDED JUNE 28, 1961—REHEARING DENIED JULY 11, 1961.

*Harris · Bullock, Carl T. Hudgins,* for plaintiff in error.
*A. David Kahn, James W. Dorsey,* contra.

CARLISLE, Presiding Judge. ■ While the procedure followed in this case is somewhat unusual, the trial judge, nevertheless, had a discretion as to whether he would grant the defendant's motion to require the plaintiff to replead. *Johnson v. Georgia Fertilizer &c. Co.,* 21 Ga. App. 530 (5) (94 SE 850). There being no objection to the order requiring the replication, the petition will be treated for the purposes of decision on demurrer as having been amended by the addition thereto of the allegations of defendant's answer which were admitted by the replication. As so amended, it does not affirmatively show that the items of property sued for were not personalty. The court does not judicially know that articles used in manufacturing and handling ice as a commercial enterprise are of such character as to constitute a part of the realty when installed in a building. Whether this is so is a question of fact and no facts are set forth in the original petition nor in the admitted portions of defendant's answer which would demand this conclusion. The petition sets out a description of the property referred to as personalty, its value, title in the plaintiff, possession in the defendant, and a refusal by the defendant to deliver it to the plaintiff on demand. Such allegations are sufficient as against a general demurrer. *Bank of Sparta v. Butts,* 1 Ga. App. 771 (1) (57 SE 1061).

■ The items sued for in the petition were: "A 50-ton ice freezing tank, a complete coil assembly with connections to liquid accumulator, an accumulator with connections, and ice can grids appurtenant thereto." These items were alleged to have a market value of $13,988. By timely special demurrer defendant attacked the allegations as being too indefinite and uncertain with respect to the kinds and quantities of articles specified because no separate value was alleged for each article and because it did not appear what the coil assembly consisted of, nor what the liquid accumulator and connections consisted of, nor how many ice can grids were claimed. These grounds of special

demurrer should have been sustained and plaintiff required to allege this essential information. Defendant is entitled to have the damages claimed by plaintiff in a lump sum itemized when it appears from the petition that such lump sum damages are made up of separate and distinct items. *McKenzie v. Mitchell*, 123 Ga. 72 (2) (51 SE 34); *Montezuma Live Stock Co. v. Dover*, 28 Ga. App. 392 (4) (111 SE 441); *De Golian v. Faulkner*, 74 Ga. App. 870 (41 SE2d 664).

Ground 4 of defendant's original demurrer sought to require plaintiff to allege the date, or dates, on which the building referred to in the petition was demolished by the defendant. Plaintiff alleged that this was done at a time unknown to the plaintiff but well known to defendant, and between the dates of September 24, 1959, and October 14, 1959. This was a sufficiently definite allegation of the date, or dates, on which defendant demolished the building, especially so since plaintiff alleged in connection therewith that such date was unknown to it.

■ Defendant filed and served on plaintiff a request that plaintiff admit certain facts. Plaintiff failed to file an answer to the request, but within 10 days of the date of the filing of such request filed "Objections to Request for Admissions." In this pleading certain paragraphs of the request were objected to on various grounds, but other paragraphs were neither objected to nor admitted nor denied. Thereafter defendant made a motion to declare plaintiff in default with respect to the request for admissions and this motion was overruled and is excepted to. This latter motion did not invoke any ruling as to the merits of plaintiff's objections to the other paragraphs of the request.

Under the provisions of Sec. 1 of the act approved February 25, 1953 (Ga. L. 1953, Jan.-Feb. Sess., p. 224; *Code Ann.* § 81-1011), the paragraphs of the request for admissions to which plaintiff made no objection, the same not having been otherwise answered within the time designated therein, stood admitted. No order of court declaring this to be so was necessary. With respect to the paragraphs of the request deemed to have been admitted, it is sufficient to say that under the ruling made in division 1 of this opinion the facts thus admitted do not re-

quire a different result. The allegation contained in paragraph 11 of the request that the articles sued for were fixtures installed in the building is a legal conclusion dependent upon proof of all the surrounding facts and circumstances, and plaintiff will not be deemed to have made an admission of this by his mere failure to answer the request, in the absence of a showing as to what the surrounding facts and circumstances were. Accordingly, it was not error for the trial court to overrule defendant's motion made with respect to its request for admissions.

As ruled in division 2 above, the refusal of the trial judge to sustain the special demurrer attacking the sufficiency of the allegations of plaintiff's petition as to the items of property claimed to have been converted by defendant and as to the value thereof was error. This ruling will not, however, require a reversal of the case unless plaintiff shall refuse to amend its petition to meet this ground of demurrer. Accordingly, the judgment is affirmed on condition that plaintiff amend so as to cure the defects in its petition as pointed out by ground 2 of defendant's original demurrer. *De Golian v. Faulkner*, 74 Ga. App. 870, supra.

*Judgment affirmed on condition. Nichols and Eberhardt, JJ., concur.*