### 40020.   VOYLES v. CUNNINGHAM et al.

DECIDED MAY 22, 1963—REHEARING DENIED JUNE 5, 1963.

*Davis & Friedin, Roy B. Friedin,* for plaintiff in error.
*Kelly, Champion & Henson, Forrest L. Champion, Jr.,* contra.

FRANKUM, Judge.   D. R. Voyles brought an action of trover against Mrs. Bernice Cunningham, individually and as executrix of the last will of Mrs. Lillian Chalker Voyles, deceased. The plaintiff's petition alleges:   "The defendant executrix did over the protest of, and without the consent of, the plaintiff take possession of certain personalty, namely:   (1) meat case formerly of L. L. Woodward, and of the value of $200.00, (2) a McCaskey cash register of the value of $250.00, (3) a gas tank formerly of Flint Gas Company, of the value of $150.00, (4) a hot water tank formerly of Flint Gas Company of the value of

$100.00, (5) a kitchen sink formerly of Sears, Roebuck & Co., and of the value of $75.00, (6) a dinette set including four chairs of the value of $65.00, (7) two steel cabinets of the value of $10.00, (8) one baby chair of the value of $5.00, (9) one wooden cabinet of the value of $24.50, (10) one foam rubber mattress of the value of $100.00, (11) one rollaround fan of the value of $69.50, (12) one davenport of the value of $60.00, (13) one 16" by 68" wall mirror, of the value of $17.98, (14) sixteen sets of venetian blinds of the value of $40.00, (15) one bath tub and fixtures, being of the value of $80.00, (16) three heaters being with one pilot light and of the value of $50.00 and two regular heaters of the value of $40.00, (17) one Swiss watch of the value of $20.00, (18) one Elgin watch of the value of $10.00, (19) one pearl-handled razor of the value of $10.00, (20) one mud trowel of the value of $4.50, (21) one 50 ft. steel tape of the value of $4.50, (22) two davenport covers and chair seat covers, of the value of $30.00, and (23) one ribbon antenna and guy wires of the value of $75.00. The [defendant is] in possession through her entrustee, Jerry William Chalker, of the personalty described in the next preceding paragraph, being the only personalty answering such description." The plaintiff's petition contains no other description of the property. The defendant, individually and as executrix, demurred to the petition, and the court sustained the demurrer and dismissed the petition. We think the court did not err in so doing.

The plaintiff does not allege the time, place or manner of conversion, nor from whom defendant took the property sued for, nor the location of the property at the time of filing the petition. The allegation that the said property was the only personalty answering such description, does not add to or enlarge upon the the description alleged and is a mere conclusion, because it is common knowledge that there are many items of property in existence of each kind and class therein enumerated. *McElhannon v. Farmers Alliance Co.*, 95 Ga. 670 (22 SE 686) ; *Rackley v. Burgess*, 39 Ga. App. 15 (145 SE 907) ; *Seaboard Security Co. v. Goodson*, 51 Ga. App. 512 (180 SE 858).

The court did not err in sustaining the defendant's demurrer and in dismissing the petition.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*