40534, 40535. KAPPLIN v. SEIDEN; and vice versa.

Decided April 7, 1964—Rehearing denied April 21, 1964.

*Fine & Rolader, D. W. Rolader,* for plaintiff in error.
*Hatcher & Irvin, Henry M. Hatcher,* contra.

Frankum, Judge. ■ The first assignment of error contained in the bill of exceptions is on the overruling of the defendant's

general and special demurrers to the petition. Manifestly the petition was not subject to general demurrer. It alleged that the defendant had executed a promissory note to the plaintiff in the principal amount of $6,760.10; that the defendant had paid $6,000 thereon, and that $760.10 plus interest remained unpaid. A copy of the note attached to the petition showed that the defendant promised to pay the amount of the note upon selling property at 6728 Beacon Street, Pittsburgh, Pa. The plaintiff alleged that the defendant had sold the property at that location on September 26, 1961, and if it be contended that this condition precedent to the defendant's liability thereon rendered the obligation void for any reason, no demurrer raising this question was interposed by the defendant.

The defendant demurred specially to the petition on the ground that it contained a misjoinder of causes of action and was multifarious, and that the plaintiff was attempting to sue in one count for the balance due on a promissory note and for damages caused by misrepresentations, said causes being separate and distinct claims. In this court the plaintiff in error contends with respect to these grounds of demurrer merely that the plaintiff has attempted to join in one count an action ex contractu with an action ex delicto. The petition was not subject to this particular criticism since, if it be construed as joining in one count two separate causes of action, clearly both were actions ex contractu. It requires no citation of authority, of course, to support the statement that an action on a promissory note is an action ex contractu. Properly construed the remaining allegations of the petition set forth a cause of action in assumpsit. *Code* § 3-107. It is alleged merely that the defendant procured the plaintiff's agent to furnish certain materials and perform certain services in addition to those which the plaintiff and defendant had previously agreed upon, and the suit seeks to recover such excess. Where the owner of property procures a contractor engaged in improving the property to perform work in addition to that already agreed upon and for which a contract price has been fixed and determined, the law will imply a promise on the part of the owner to pay the reasonable cost of such additional work. Venable Constr. Co. v. United States, 114 F 763. Even

as against the grounds of special demurrer interposed, the petition clearly alleges a cause of action based on this principle. Even though the conduct of the defendant giving rise to the cause of action as shown by the petition may be characterized as tortious, yet, if the essential allegations of the petition show that the action is one sounding in assumpsit to recover upon an implied promise to pay, the action will be construed as being one ex contractu rather than ex delicto, and the plaintiff will be deemed to have waived the tort. *Hamby v. Collier*, 136 Ga. 309 (1) (71 SE 431). See also *Council v. Statham*, 187 Ga. 13 (199 SE 229); *Zapf Realty Co. v. Brown*, 26 Ga. App. 443 (1) (106 SE 748); *Scottish Union &c. Ins. Co. v. Peoples Clothing Co.*, 64 Ga. App. 147 (2) (12 SE2d 474).

The remainder of the special demurrers were not meritorious, and the trial court did not err in overruling them.

■ In special ground 1 of the motion for new trial error is assigned because the court refused to permit a witness for the defendant to testify that the furnace installed in the defendant's house was not adequate for heating the entire house. It is contended in this ground that the court erred in excluding the testimony of the witness because the evidence which movant intended to be adduced by the witness was "competent testimony dealing with a material issue in the case and the refusal of the court to allow this evidence was contrary to law, harmful and prejudicial to movant." This is an insufficient assignment of error. While it is no longer essential that a ground of a motion for a new trial be complete and understandable within itself, each ground of a motion should, nevertheless, point out or make reference by page number or otherwise to such parts of the record or brief of the evidence where matter essential to a clear understanding of the assignments of error can be found by the court. *Harris v. State*, 96 Ga. App. 395, 400 (2) (100 SE2d 120); *Maxwell v. State*, 97 Ga. App. 334, 336 (1) (103 SE2d 162); *Brown v. Carmanni*, 100 Ga. App. 116, 122 (5) (110 SE2d 543); *Burton v. Brown*, 101 Ga. App. 527 (1) (114 SE2d 386). Accordingly, a ground of a motion for a new trial complaining of the exclusion of evidence offered by the movant, which alleges that such evidence was material and relevant to the issues in the case, must have

incorporated therein the substance of or point out specifically the pleadings and their location by page number in the record which authorize the introduction of such evidence. The first special ground in this case is neither complete within itself nor does it point out any pleadings raising any issue with respect to any claim by the defendant that the furnace installed in his house was inadequate. It does not appear, therefore, from this ground, that the evidence offered by the defendant and excluded by the court was relevant and material to any issue in the case, and it was not error for the court to overrule this ground.

■ In special grounds 2 and 8 the defendant attempts to assign error on certain alleged prejudicial remarks made by the court in ruling on objections to evidence during the course of the trial. These grounds do not show that any motion for a mistrial was made at the time the remarks were made, and they are, therefore, insufficient to show harmful or reversible error. *Pulliam v. State,* 196 Ga. 782, 783 (6, 7) (28 SE2d 139) ; *Simmons v. State,* 79 Ga. App. 390, 409 (5) (53 SE2d 772) ; *Darby v. McNelley,* 103 Ga. App. 570, 571 (2) (120 SE2d 153).

■ Special grounds 3, 4 and 5 complain because the court excluded certain evidence offered by the defendant. These grounds are too incomplete to be considered, because each ground fails to show some, if not all, of the following essentials of a valid ground of a motion for a new trial complaining of the exclusion of oral testimony: (a) that a pertinent question was asked; (b) that the court ruled out the answer thereto; (c) that a statement was made to the court at the time the question was asked showing what the answer would be; (d) that the testimony thus sought to be elicited was relevant and material to the issues in the case; (e) that it would have benefited the movant, and in what way it would have benefited him and that its exclusion was prejudicial to the movant; and (f) the substance of the evidence thus excluded. *Griffin v. Henderson,* 117 Ga. 382 (2) (43 SE 712) ; *Bowden v. Bowden,* 125 Ga. 107, 108 (1) (53 SE 606) ; *Bourquin v. Bourquin,* 151 Ga. 575, 578 (2) (107 SE 767) ; *Clare v. Drexler,* 152 Ga. 419 (1) (110 SE 176) ; *Thompson v. Central of Ga. R. Co.,* 102 Ga. App. 5, 7 (4) (115 SE2d 471).

Special grounds 6 and 9 complain of the illegal admission of

evidence over objection of the movant. These grounds are also deficient in that they fail to set out either literally or in substance the evidence thus admitted. They fail to state that such evidence was material and prejudicial to the movant and how it was hurtful to him, and it is not alleged in these grounds that the inadmissibility of the evidence was not doubtful, nor is it shown clearly that the evidence was objected to promptly at the time it was admitted by the court. *Central of Ga. R. Co. v. James,* 143 Ga. 753 (2) (85 SE 920); *Hunter v. State,* 148 Ga. 566 (2) (97 SE 523); *Clare v. Drexler,* 152 Ga. 419 (4), supra; *Carter v. Marble Products, Inc.,* 179 Ga. 122, 127, 128 (3) (175 SE 480); *Mayor &c. of Gainesville v. White,* 27 Ga. App. 16 (1) (107 SE 571); *Allen v. State,* 29 Ga. App. 213 (2) (114 SE 583); *Trammell v. Shirley,* 38 Ga. App. 710, 718, 719 (145 SE 486).

Special ground 10 complains because the court excluded certain documentary evidence offered by the movant. This ground does not have the evidence thus excluded set out therein, either literally or in substance, and it does not show how the evidence would have benefited the movant had it been admitted, or how its exclusion was prejudicial to the movant or how the evidence was material to the issues involved. It is therefore incomplete, and presents nothing for decision. *Griffin v. Henderson,* 117 Ga. 382, supra; *Allen v. Kessler,* 120 Ga. 319 (47 SE 900); *Danner v. Johns,* 147 Ga. 667 (95 SE 233); *Bourquin v. Bourquin,* 151 Ga. 575, supra; *Campbell v. Walker,* 20 Ga. App. 88, 91 (4) (92 SE 545); *Middlebrooks v. Fisk Tire Co.,* 31 Ga. App. 535 (2) (121 SE 134); *Bostick v. State,* 34 Ga. App. 595 (130 SE 221).

Special ground 7 complains because the court refused to permit counsel for the defendant, while questioning an expert witness for the plaintiff, to ask whether in examining the defendant's house he found any substantial defects therein which he would have corrected if he had built the house and guaranteed the workmanship and materials for one year. This was not a proper question to propound to an expert witness. It was not material that the witness would or would not have corrected the defects, but the true test was whether good workmanship would have required that such defects, if they existed, be corrected.

Special ground 8 complains because the court refused to

permit the same witness to answer the following question propounded to him on cross examination: "As a matter of fact, you don't want to testify about the workmanship and quality of it on this property because of your connection with Mr. Seiden. Is that correct?" It is obvious that the purpose of this question was to impeach the witness or show his interest in the matter in controversy. This was not a proper way to accomplish this. A witness may be impeached by disproving the facts testified to by him (*Code* § 38-1802); by showing that he has previously made contradictory statements as to matters relevant to his testimony and to the case (*Code* § 38-1803); or by proof of general bad character (*Code* § 38-1804). A witness may be questioned as to facts showing or tending to show his interest in the matter under investigation as affecting his credibility, but the action of the court in not permitting the witness to answer the question, as here complained of, was not such as to constitute reversible error.

The final two special grounds assign error on portions of the charge of the court on the ground that such portions were confusing and contrary to law and harmful and prejudicial to the defendant and misleading to the jury. These assignments of error are entirely too vague and general to present any question for decision. They fail to point out how or in what way the portions of the charge were confusing and misleading and prejudicial to the defendant, and they fail to point out what law movant contends the instructions were contrary to. *Betts Co. v. Mims,* 14 Ga. App. 786, 788 (82 SE 474); *Hill Bros. v. Render,* 33 Ga. App. 13, 14 (7) (125 SE 79); *Lumberman's Underwriting Alliance v. First Nat. Bank &c. Co.,* 100 Ga. App. 217, 226 (10) (110 SE2d 782).

■ The only assignments of error contained in the bill of exceptions filed by the plaintiff are to the ruling of the trial court on May 10, 1962, sustaining ground 8 of the defendant's special demurrers to the petition and to the judgment of the court awarding attorney's fees to the plaintiff in the amount of $82.89, rather than in the amount of $682.89, rendered as a part of the judgment on the verdict on April 24, 1963. Plaintiff waited until the trial court overruled the defendant's motion for

new trial and then tendered his bill of exceptions on November 19, 1963. While this bill of exceptions is not denominated specifically as a cross bill of exceptions, under the foregoing facts it contains no timely assignment of error on a final judgment and is thus deficient as a direct or main bill of exceptions. In the certificate to this bill of exceptions the trial judge appended the notation that part of the record theretofore certified "in this case" need not be duplicated. Construing the document so as to sustain its validity as an instrument, the plaintiff's bill of exceptions will be treated as a cross bill. *Montezuma Live Stock Co. v. Dover*, 28 Ga. App. 392 (2) (111 SE 441). Thus construed, the settled practice will be followed that where the judgment is affirmed on the main bill of exceptions and the case is not left to be tried again, the cross bill of exceptions will be dismissed. *Code Ann.* § 6-901; *Prudential Ins. Co. v. Richardson*, 52 Ga. App. 807 (3) (184 SE 809); *Weatherly v. Parr*, 74 Ga. App. 526, 531 (3) (40 SE2d 445); *Robinson v. Georgia Sav. Bank &c. Co.*, 185 Ga. 688, 700 (8) (196 SE 395); *Andrews v. Sanders*, 186 Ga. 269, 274 (2) (197 SE 639).

*Judgment affirmed on main bill; cross bill dismissed. Felton, C. J., and Pannell, J., concur.*