**John F. HARRELL**

v.

**Charles W. ANDERSON and the Farmers Bank.**

**Civ. A. No. 584.**

United States District Court
S. D. Georgia,
Waycross Division.

Dec. 27, 1968.

Arthur P. Tranakos, Atlanta, Ga., J. Laddie Boatright, Douglas, Ga., Owen Roberts, Jr., Columbus, Ga., for plaintiff.

E. Kontz Bennett and Larry E. Pedrick, Waycross; H. J. Quincey and Marshal Ewing, Douglas, Ga., for defendant.

Order on Motions of Defendants

LAWRENCE, District Judge.

This case has been troublesome only because the motions to dismiss and for more definite statement are framed, both in theory and spirit, in the old demurrer practice in this State with all its emphasis on form, necessity of particularity, construing pleadings against the plaintiff, resolution of the merits of a case on the paper level, and the other characteristics that attended the pleading system which was discarded in the federal courts thirty years ago and in Georgia in 1967.

In the first Count it is alleged that plaintiff and defendant Anderson were engaged in a joint venture for promotion of sale of stock of American Family Life Insurance Corporation and that pursuant to an agreement they borrowed sums of money from the Farmers Bank. On several occasions Anderson and Harrell executed notes which were accepted by the Bank. Various securities were pledged as collateral. The Plaintiff was owner of the securities. Anderson signed the notes ostensibly as co-maker but actually as surety for the plaintiff who was really the principal. Without Harrell's consent and contrary to the terms of the notes the Bank transferred the pledged securities to Anderson. He sold them and the proceeds were applied to the indebtedness for which he was liable as surety. Plaintiff on two occasions tendered the full amount of the debt due the Bank ($7,102.00) and requested return of the securities from each defendant. This demand could not be met as the collateral was no longer in their possession. Alleging the highest value of the stock pledged from the date of demand to the present, plaintiff seeks compensatory damages in the amount of $42,400.00.

Plainly, these allegations set out a valid claim for relief. Each of the five requisites of a trover action under Title 107 of the Georgia Code is sufficiently pleaded, namely, (1) a description of the property converted (2) value of the property (3) title of the property in plaintiff (4) possession in defendant (5) refusal to deliver upon demand. Langdale Company, Inc. v. Day, 115 Ga. App. 30, 153 S.E.2d 671; Hudgins & Company, Inc. v. Southland Ice Company, 104 Ga.App. 150, 121 S.E.2d 193; Bank

of Sparta v. Butts, 1 Ga.App. 771, 57 S.E. 1061.

■ Defendants insist that Count I is insufficient in law and must be dismissed because it is not alleged *what* collateral should have been returned. A list of the securities is set forth in the complaint. There may be duplications, errors or discrepancies in the description of the stock but this is a matter for amendment, not ground for dismissal.

■ Defendants further contend that Count I is defective because it is not shown that the defendants benefitted by the alleged conversion. Counsel insists that the failure to show any benefit to defendants is fatal to the action. I know of no legal authority, and none is cited, to sustain this contention. Actions in tort are not dependent upon personal gain to the tortfeasor. Langston v. Craddock, 42 Ga.App. 484, 156 S.E. 632; Young v. Hall, 4 Ga. 95. Suits for conversion are based upon an unauthorized exercise of dominion over the property of another (Guardian Discount Co. v. Settles, 114 Ga.App. 418, 151 S.E.2d 530; Stephens v. Millirons Garage, Inc., 109 Ga.App. 832, 137 S.E.2d 563) and the matter of benefit to the converter is not decisive. 89 C.J.S. Trover and Conversion § 3.

■■ Defendants further assert that the complaint must show that the value of the stock pledged exceeded the indebtedness on the note at the time the securities were transferred by the Bank.* I am unaware of any such rule of law. Plaintiff is not denying that he received some value for the securities as a result of the sale. What he says is that the defendants disposed of his securities unlawfully without his consent and that as a result he was deprived of the profit he might have later realized had the conversion not occurred. This is enough. Of course, the benefits plaintiff received

as a result of any tortious sale are off-settable against the loss.

■ Defendants appear to found their objections to the complaint upon some sort of theory of implied or express contractual authority to do what was done. It is entirely possible that the Bank and the defendant Anderson have not been guilty of any unauthorized act. It is also quite possible that they acted strictly in accordance with the terms of the notes and that the provisions embodied in them are an absolute bar to any recovery by plaintiff. However, the notes are not before the Court. This is not an action *ex contractu* in which plaintiff should attach the written agreement as an exhibit to the complaint. Contrary to defendants' contentions, this is an action in tort and the existence of a contract is recited purely as background and as a setting to the alleged conversion. The recital in a tort action of the fact that a contract exists is to be treated as merely showing the relationship of the parties. Jackson v. Chambers, 24 Ga. App. 285, 100 S.E. 659. If, in the present case, there are terms or provisions in the promissory notes which are fatal to the successful maintenance of this action, summary judgment or some other approach must be used.

■ Finally, defendants assert that the complaint is insufficient as a matter of law because of the failure to allege the *specific* time the conversion occurred. Again, I disagree. It is not necessary to set forth the precise date of conversion as long as it preceded the commencement of the action and is within the statute of limitations. See 18 Am.Jur.2d § 146, p. 246. The time factor in trover actions may be important where adequate description of the converted property is in issue. Voyles v. Cunningham et al. 107 Ga.App. 884, 131 S.E.2d 816. And it is also significant where plaintiff elects, as here, to recover the highest proven value of the stock be-

---

* The brief for defendant says, "The petition fails to state a claim upon which relief can be granted because it does not state * * * that there was any stock pledged with the defendant bank over and above the amounts actually paid to the bank on the balance of the indebtedness due the bank."

tween the date of conversion and the trial. But the significance of time in the latter respect concerns the trial level, not the pleading stage of the litigation. Generally, a converter of property will have greater knowledge as to the date of the wrongful act than the owner. In all events, ample discovery procedures exist for probing plaintiff's knowledge and contentions as to the date the alleged conversion occurred. I suggest recourse to interrogatories. In my opinion, the defendants can easily frame responsive pleadings to the complaint as it stands and they are required to answer within 20 days after this order.

For these reasons defendants' motion to dismiss Count I is denied. The motion for more definite statement is sustained as to the list of securities. Plaintiff will amend within 10 days from the date hereof by setting forth a complete and corrected list of the shares of stock claimed to have been wrongfully converted by the defendants.

## Count II

Alleging that the defendants acted maliciously, wilfully and in concert to deprive him of the securities described in Count I, plaintiff seeks in County II $50,000.00 as exemplary or punitive damages.

Defendants' motion to dismiss as to the second Count is based upon the theory that the Count does not itself state a cause of action and that it can amount to nothing more than a prayer for punitive damages under what defendants erroneously conceive to be a *contractural* theory of the case. I have held that it is not a contract action and therefore the rule in Georgia that punitive damages are not allowable in cases arising on contracts is not applicable. Cf. Jones v. Central Builders Supply Company, Inc., 217 Ga. 190, 121 S.E.2d 633; Pure Oil Co. v. Dukes, 101 Ga.App. 786, 115 S.E.2d 449.

 Count II does not state the circumstances of the malicious conspiracy with sufficient particularity to constitute actionable fraud. It is true that misrepresentation by the defendants and resulting injury to plaintiff is alleged but it is not shown that plaintiff relied upon any such misrepresentation. It does not sufficiently plead fraud in the manner required by Georgia law. McLendon v. Galloway, 216 Ga. 261, 116 S.E.2d 208; Republic Mortgage Corp. v. Beasley et al., 117 Ga.App. 303, 160 S.E.2d 429; Edwards v. Stiles, 81 Ga.App. 138, 58 S.E.2d 260. Under rule 9(b) of the Federal Rules of Civil Procedure fraud must be stated with particularity and the circumstances constituting the same specifically set out. Glus v. Brooklyn Eastern District Terminal, 2 Cir., 253 F.2d 957; Speed v. Transamerica Corp., D.C., 5 F.R.D. 56. Standing alone Count II will not sustain the recovery of punitive damages. Up to this point I am in agreement with counsel for defendants.

 However, as I perceive Count II it is merely a prayer for additional damages to those sought in Count I and is really but an appendage to the first count. So treated, plaintiff states a claim for relief in the way of punitive damages recoverable under Georgia Code 105 § 2002. As elaborated in the second Count ample allegations are pleaded for imposition of punitive damages growing out of the alleged conversion. Exemplary damages are recoverable in such actions. Sudderth v. National Lead Company, 272 F.2d 259 (Ga., 5th Cir.); Louisville & N. R. Co. v. Earl, 139 Ga. 456, 77 S.E. 638. While the aggravating circumstances of the tort set out in the second Count are more properly incorporable in Count I, I will not permit form to prevail over substance. Accordingly, the motion to dismiss Count II is denied along with the motion for more definite statement.